GOLDIE COBB, WIFE, MARY R. ASKEW, MOTHER, ALEX COBB, DECEASED EMPLOYEE, v. EASTERN CLEARING & GRADING, INC., EMPLOYER; BITUMINOUS CASUALTY COMPORATION, CARRIER.

(Filed 12 June 1968.)

**1. Master and Servant § 69—**

Where decedent was regularly employed by defendant for only four months prior to the accident causing his death and his wages fluctuated extensively during the period of his employment, the Industrial Commission properly computed decedent's average weekly wage in accordance with the average weekly amount earned by a person of the same grade and character employed in the same class of employment in the same locality. G.S. 97-2(5).

**2. Master and Servant §§ 76, 93—**

Findings of fact by the Industrial Commission that the deceased employee was not the father of the minor claimants, being supported by competent evidence, are conclusive on appeal even though some incompetent evidence on that issue may have been admitted.

**3. Master and Servant § 88—**

A claim for compensation for a dependent under 18 years of age must be prosecuted in the dependent's name by a general guardian or other legal representative.

**4. Same; Infants § 5—**

In an action by a widow and her children seeking recovery under the Workmen's Compensation Act as dependents of a deceased employee, the paternity and dependency of the children being at issue in the suit, it is

error for the hearing commissioner to appoint the widow as next friend of the minor children, the interest of the widow in the suit being opposed to that of the children since her benefits will be reduced by an award to the children.

Appeal by defendants from *Bundy, J.,* October 1967 Session of Superior Court of Craven.

This is a civil action arising under the North Carolina Workmen's Compensation Act. Plaintiffs seek recovery as dependents of Alex Cobb, employee. It was stipulated at the first hearing before the deputy commissioner that Alex Cobb sustained a fatal injury by accident arising out of and in the course of his employment. Testimony with respect to dependency and with respect to wages of the deceased employee was taken at the first hearing. At the second hearing additional testimony as to the dependency was taken and the deputy hearing commissioner entered an order appointing Goldie Cobb as next friend of her children Michael and Zina Cobb. The deputy commissioner after both hearings, found as facts that "Alex Cobb, the decedent employee, was not the father of either of these children nor did he support them"; that "Alex Cobb, the decedent employee, and his wife, Goldie Bazemore Cobb, lived separate and apart continuously since August of 1955"; that "Alex Cobb . . . is the father of no children"; that "the decedent employee's average weekly wage was $65.31"; that "Goldie Bazemore Cobb, wife of decedent employee, and Mary R. Askew, mother of the decedent employee, are entitled to one-half each of the compensation due in this case". He awarded Goldie Bazemore Cobb compensation at the rate of $37.50 per week for a period of 154.666 weeks beginning 4 November 1964, and made a like award to Mary R. Askew, mother of the employee, having concluded that G.S. 97-2(5) is applicable and having used the wage chart introduced without objection at the second hearing for "a person in the same grade and character employed in the same class of employment in the same locality or community".

Defendants appealed to the Full Commission. The Full Commission affirmed the deputy commissioner with the exception that conclusions of law with respect to the amount of compensation and the award itself was amended to order compensation paid to each of Goldie Bazemore Cobb and Mary R. Askew at the rate of $18.75 per week for a period of 309.332 weeks. Defendants appealed to the Superior Court. From judgment overruling each of defendants' exceptions and assignments of error, defendants appealed.

*Marshall & Williams by A. Dumay Gorham, Jr., for defendant appellants.*

*Stuart A. Curtis for plaintiff appellees.*

MORRIS, J. Defendants bring up 13 assignments of error. All of them, however, present three questions for determination: (1) whether there is any competent evidence to support the findings of fact of the hearing commissioner that the decedent employee, Alex Cobb, was not the father of either Michael (Bazemore) Cobb or Zina Cobb; (2) whether the proper provision of N.C.G.S. 97-2(5) was applied in determining the average weekly wage of the decedent employee; and (3) whether the hearing commissioner erred in appointing Goldie Bazemore Cobb, widow, the next friend of Zina Cobb and Michael Cobb, minors.

Assignments of error 4, 7, 8, 9, 10, 12 and 13 relate to the second question. Alex Cobb was employed by defendant Eastern Clearing & Grading, Inc. about the middle of July 1964, and worked continuously until his death on 4 November 1964, with the exception of those days when the work could not be done because of high water. This was, of course, a period of time less than 52 weeks.

G.S. 97-2(5) defines average weekly wages as:

". . . the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury . . . divided by fifty-two; but if the injured employee lost more than seven consecutive calendar days at one or more times during such period, although not in the same week, then the earnings for the remainder of such fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, results fair and just to both parties will be thereby obtained. Where, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community.

But where for exceptional reasons the foregoing would be un-- fair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury."

The first method of determining average weekly wage is obviously not applicable in this situation. Defendant concedes that the second method is not the proper method to use because of the fluctuation of the employee's wages during the period of employment.

The conclusions of law made by the hearing commissioner included the following:

"3. The decedent employee's average weekly wage was $65.31. G.S. 97-2(5), provides if *(sic)* in part, '. . . Where, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community."

By proper exceptions and assignments of error, defendants challenged the quoted conclusion of law contending that the fourth method should be used under the principles set out in *Joyner v. Oil Co.,* 266 N.C. 519, 146 S.E. 2d 447. We do not think *Joyner* is controlling here. There, the employee was regularly employed by another company but was employed as a part time truck driver by an oil company. During the winter months and the tobacco curing season, the oil company's regular drivers could not handle the deliveries necessary, and a part time relief driver was employed. The commissioner had used the second method. The Court held that the use of this method did not obtain results fair and just to both parties because it gave plaintiff the advantage of wages earned in the peak tobacco curing season without taking into account the slack periods in which the oil company employed no relief drivers. The Court characterized the employment as "inherently part-time and intermittent".

Among the findings of fact made by the hearing commissioner was the following:

"7. Decedent employee had worked only approximately four months with the defendant employer and his earnings during

such period was $766.84. The earnings of a fellow employee, Horace Hester, who worked over a fifty-two week period employed in the same class of employment in the same locality or community was $65.31 per week. The yearly earnings of such fellow employee being $2,855.80. (The decedent employee's average weekly wage was $65.31) and he was a full time employee of the defendant employer."

Defendant by proper exception and assignments of error challenged the portion in parenthesis. No exception was taken to the balance of the finding of fact. The unchallenged portion is supported by competent evidence and we are bound by it. *Munford v. Construction Co.*, 203 N.C. 247, 165 S.E. 696.

The decedent employee was regularly employed, ready and available for work every work day. The evidence discloses that work stoppages and lost time resulted from high water and rainy weather, beyond the control of either employer or employee. In *Munford v. Construction Co., supra,* the decedent had been employed 3 months when he was injured. Although when he was first employed, his employment was not regular, he was later assigned a truck and placed on regular duty. The Court upheld an award based on the average weekly amount earned by a person of the same grade and character employed in the same class of employment, to wit, a full time truck driver. Here, the hearing commissioner has made an award based on the average weekly amount earned by a person of the same grade and character employed in the same class of employment, to wit, a full time chain saw employee engaged in clearing drainage projects in eastern North Carolina.

Upon this record, we are constrained to hold that the hearing commissioner's use of method three was authorized and does not obtain results unfair or unjust to either party. Defendant's assignments of error 4, 7, 8, 9 and 10, 12 and 13, as they relate to the question of determination of average weekly wage, are overruled.

Defendant's assignments of error 1, 2, 3, 5, 6, 10, 12 and 13 relate to the issue of dependency. Defendant contends that there is no competent evidence to support the findings of fact that Alex Cobb was not the father of either Michael (Bazemore) Cobb or Zina Cobb.

Without discussing the competency or admissibility of the testimony of Goldie Cobb, widow and mother of the children, we find that there is other competent evidence to support the challenged findings of fact. The mother of the deceased employee testified that her son had been living with her in her house since he and his wife separated in 1955 until the time of his death; that after 1955 he

didn't see his wife, didn't live with her, and didn't resume the marital relation; that the first child was born in 1957; that she didn't know anything about the child until sometime after his birth; that he wasn't named Cobb; that she didn't know anything about the second child until after her son's death; that he never claimed either of the children; that Alex and Goldie Cobb didn't have any children. If the findings of fact are supported by any competent evidence, we are bound by them, even though some incompetent evidence was also admitted at the hearing. *Penland v. Coal Co.*, 246 N. C. 26, 97 S.E. 2d 432.

Upon this record, assignments of error 1, 2, 3, 5, 6 and so much of 10, 12 and 13 as relate to the issue of whether Alex Cobb was not the father of the children, are overruled.

Defendant's assignment of error 11 relates to the appointment of Goldie Bazemore Cobb as next friend of Michael (Bazemore) Cobb and Zina Cobb.

G.S. 97-39 provides that the widow and all children of a deceased employee "shall be conclusively presumed to be dependents of deceased and shall be entitled to receive the benefits of this article for the full periods specified herein."

Plaintiff suggests that the appointment of a next friend is not necessary and cites *Lineberry v. Mebane,* 218 N.C. 737, 738, 12 S.E. 2d 252, where the Court said:

"A proceeding before the Industrial Commission for compensation is not, strictly speaking, an action. Many of the prerequisites of a lawsuit are not required in a proceeding before the Commission. Thus it is that an infant may prosecute his claim directly without the appointment of a next friend or guardian, as claimant is here undertaking to do."

In that case, however, claimant was over 18 years of age. He was *sui juris* for purposes of the Workmen's Compensation Act. Until then he may prosecute his claim only when represented by general guardian or other legal representative. *McGill v. Freight,* 245 N.C. 469, 96 S.E. 2d 438. In *McGill,* the Court held that the minor dependent was the real party in interest and the proceedings "must be" prosecuted in her name by her general guardian. The minors here are under 18 years of age and have no general guardian. Whether they are dependents and, therefore, entitled to an award is at issue. The hearing commissioner was correct in appointing a next friend.

We think, however, that he was in error in appointing their mother, the widow of the deceased employee. Obviously, if the children were found to be entitled to benefits, the widow's award would be reduced. If they received no award, the mother and next

friend would receive a larger award. There is an obvious conflict of interest. If the testimony of Goldie Cobb, mother, widow and next friend, were incompetent and inadmissible as to whether Alex Cobb was the father of the children, it would be the duty of the next friend to interpose objection. The anomaly of this situation is readily apparent. "The Court will never make a decree, when one of the parties sues by a next friend and that next friend has, or may have, an interest in the suit, opposed to that of the infant. It will require another next friend to be appointed to attend the cause in behalf of the infant." *Butler v. Winston*, 223 N.C. 421, 27 S.E. 2d 124.

It may well be that a next friend not having conflicting interests could present no further competent evidence to establish paternity or dependency nor prevent admission of evidence sufficient to rebut any presumptions to which the minors may be entitled. Nevertheless, this we cannot presume. Assignment of error 11 is sustained.

This cause is remanded to the Superior Court to the end that it enter a judgment returning the case to the Industrial Commission and directing that the order appointing Goldie Cobb as next friend be vacated; that another next friend be appointed to prosecute the claim of Michael (Bazemore) Cobb and Zina Cobb; that if such next friend should, within a reasonable time, not exceeding 60 days of his appointment, choose to petition for the reopening of this matter upon the question of dependency, the Commission shall grant such petition.

Error and remanded.

CAMPBELL and BRITT, JJ., concur.