HAROLD LLOYD, PLAINTIFF-EMPLOYEE v. JENKINS CONTEXT COMPANY, DEFENDANT-EMPLOYER AND AMERICAN MOTORISTS INSURANCE COMPANY, DEFENDANT-INSURANCE CARRIER

No. 7910IC128

(Filed 20 May 1980)

**Master and Servant § 49.1— workmen's compensation—carpenter as employee**

     Plaintiff was an employee within the meaning of the Workmen's Compensation Act where the evidence tended to show that he was a carpenter working for an hourly wage and not for a contract price for a completed job; defendant's own witnesses testified that a foreman could instruct plaintiff in how to do the work; the fact that plaintiff was skilled in his job so that he needed little supervision did not make him an independent contractor; plaintiff did not have an independent business as a carpenter; plaintiff worked full-time for defendant; defendant apparently had the right to discharge plaintiff at any time; and there was no evidence that plaintiff had the right to employ people to assist him in the carpentry work without the permission of defendant.

APPEAL by defendants from order of North Carolina Industrial Commission entered 8 December 1978. Heard in the Court of Appeals 28 September 1979.

This appeal brings to the Court the question of whether, at the time of his accidental injury, the plaintiff was an employee of defendant Jenkins Context Company or whether he was an independent contractor. The evidence showed that plaintiff is skilled as a painter and a carpenter. In 1976, he began working for Jenkins as a painter at a rate of $5.00 per hour. While he was doing this painting work, he received permission from Harold Trivette to let his son do some painting at $3.00 per hour, which his son did. Later in the year, plaintiff began doing carpentry work on trailers that needed repair at Jenkins Context Company. He continued receiving $5.00 per hour for this work. He kept his

own time and was paid by a time sheet he delivered each week to the company office. Jenkins did not make any social security payments for the plaintiff or withhold any taxes from the amount paid him. Jenkins offered to put the plaintiff on its payroll, but he refused because the pay would have been only $4.50 per hour. Plaintiff testified that while he was doing carpentry work on the trailers, it was "pointed out" to him what to do and how to do it. Harold Trivette, vice president of Jenkins, testified "[a]s to whether I ever simply told Mr. Lloyd how to do a particular job, I'd say at times I told Buck how to do something but Buck was good and most of the time he did what he wanted to do." Mr. Trivette also testified that a foreman "would instruct Mr. Lloyd how and the way to do it, yes, if there was any—yes." Plaintiff was not required to work regular hours, but he normally worked approximately 40 hours per week. Plaintiff was injured in an accident while doing carpentry work on a trailer. He was carried to the emergency room of the local hospital where he made the statement that he was "self-employed." The Deputy Commissioner found facts based on the evidence and concluded an employer-employee relationship existed while plaintiff was working on the trailer. The Deputy Commissioner awarded workmen's compensation benefits to plaintiff. The Full Commission affirmed, and defendants appealed.

McElwee, Hall, McElwee and Cannon, by John E. Hall, for plaintiff appellee.

Tuggle, Duggins, Meschan, Thornton and Elrod, by Richard L. Vanore, for defendant appellants.

WEBB, Judge.

In order to bring himself within the coverage of the Workmen's Compensation Act, the claimant has the burden of proving that the employer-employee relationship existed. The reviewing court is not bound by the finding of this jurisdictional fact by the Industrial Commission. This Court must make its own finding from a consideration of all the evidence in the case. See Lucas v. Stores, 289 N.C. 212, 221 S.E. 2d 257 (1976). G.S. 97-2(2) provides:

> The term "employee" means every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written . . . .

We hold that under this statutory definition, as interpreted by the cases in this jurisdiction, the plaintiff was an employee of defendant Jenkins Context Company at the time of his injury. We consider the following factors to be determinative: (1) the plaintiff was working for an hourly wage and not for a contract price for a completed job; (2) defendant's own witnesses testified a foreman could instruct the plaintiff in how to do the work. The fact that plaintiff was skilled in his job so that he needed very little supervision does not make him an independent contractor; (3) the plaintiff did not have an independent business as a carpenter; (4) the plaintiff worked full-time for Jenkins; (5) the defendant Jenkins apparently had the right to discharge the plaintiff at any time; and (6) there was no evidence that plaintiff had the right to employ people to assist him in the carpentry work without the permission of Jenkins. It is true that Jenkins did not withhold taxes from plaintiff's wages or pay his social security. Plaintiff also did not have to work regular hours. We do not feel these factors are determinative. We also do not believe the plaintiff's characterization of himself as "self-employed" should govern. It is the evidence as to what the relationship was that determines and not what the plaintiff thought it was. We believe the holding in this case is consistent with the definition of the employer-employee relationship as set forth in *Askew v. Tire Co.*, 264 N.C. 168, 141 S.E. 2d 280 (1965) and *Hayes v. Elon College*, 224 N.C. 11, 29 S.E. 2d 137 (1944).

Affirmed.

Judges ARNOLD and WELLS concur.