LUTHER S. DURHAM v. WILLIAM A. McLAMB

No. 8110IC1245

(Filed 19 October 1982)

1. **Master and Servant § 49— workers' compensation—finding of employer-employee relationship supported by evidence**

In a workers' compensation case, the evidence supported the Commission's holding that an employer-employee relationship existed between plaintiff and defendant where the evidence tended to show that (1) plaintiff carpenter was working for an hourly wage and not for a contract price; (2) plaintiff worked full-time for defendant; (3) defendant could discharge plaintiff at any time; (4) plaintiff did not have a business as an independent contractor. The fact that (1) both plaintiff and defendant assumed plaintiff was self-employed; (2) plaintiff did not have regular working hours; (3) defendant did not withhold taxes from plaintiff's pay; and (4) plaintiff was skilled in his job and required little supervision were not determinative of the issue of what relationship existed between plaintiff and defendant.

2. **Master and Servant § 48— workers' compensation—jurisdiction of Commission—minimum number of regular employees**

The evidence supported the Commission's finding that defendant had four or more employees regularly employed at the same business or station when defendant was injured where the evidence tended to show that defendant was building approximately four rental houses; that defendant hired plaintiff and three other skilled carpenters to install subflooring and to frame these houses; that the employment lasted approximately a month; that there was no requirement as to the days or hours the carpenters worked; that plaintiff worked full-time; and that the carpenters were paid an hourly wage.

APPEAL by defendant from order of North Carolina Industrial Commission entered 10 August 1981. Heard in the Court of Appeals 13 September 1982.

On 20 December 1979, while working for defendant, William A. McLamb, plaintiff, Luther S. Durham injured his back when he slipped and fell.

On 17 September 1980 plaintiff filed a notice of the accident with the North Carolina Industrial Commission in regard to his fall and injury on 20 December 1979. The matter was heard before the deputy commissioner on 10 December 1980. On 18 December 1980 the deputy commissioner found facts based on the evidence and concluded an employer-employee relationship did not exist while the plaintiff was working for defendant on 20 December 1979. The deputy commissioner dismissed the case for lack of jurisdiction. Plaintiff appealed the deputy commissioner's decision to the Full Commission. The matter was heard before the Full Commission 3 July 1981. The Full Commission found from the evidence taken before the deputy commissioner that an employer-employee relationship existed between plaintiff and defendant within the meaning of the North Carolina Workers' Compensation Act, and that defendant had four or more employees regularly employed at the same business or station on 20 December 1979. The Full Commission awarded workers' compensation benefits to the plaintiff. Defendant appealed the Commission's award.

On appeal, defendant presents two questions for review:

1) Whether the Full Commission wrongfully and erroneously concluded from the evidence that an employer-employee relationship existed between plaintiff and defendant.

2) Whether the Full Commission wrongfully and erroneously concluded from the evidence that the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.

*L. Austin Stevens, for defendant appellant.*

*Charles T. Hall, for plaintiff appellee.*

JOHNSON, Judge.

The evidence in this case shows that in December, 1979, defendant hired plaintiff, Bill Wood, Terry Batchelor, and Roy Russ to perform carpentry work, subflooring, and framing for approximately four houses built by defendant for rental purposes. Defendant hired plaintiff, Wood, Batchelor, and Russ as self-employed carpenters who provided their own tools. Plaintiff,

Durham v. McLamb

although he never talked to defendant about it, assumed he was self-employed. However, despite plaintiff's assumption that he was self-employed, he never advertised his services as a carpenter and never hired anyone to help him with a job. Defendant had plenty of carpentry work to be done, but discharged the workers in early January, 1980 because defendant did not have money to pay for additional work. Plaintiff, Wood, Batchelor, and Russ kept their own time and were paid individually on a hourly and weekly basis by check drawn on defendant's account. Plaintiff worked full-time for defendant from the time he was hired until early January, 1980. There were some days when all of the men did not work because of bad weather.

Defendant visited the job site once or twice daily to give the workers instructions as to what jobs he wanted done. The workers were skilled in their work and did not require specific instructions on how to do the job. Defendant did not deduct any withholding taxes from the workers' pay. The workers received the following pay until their discharge in early January, 1980:

Week ending 13 December 1979

| | |
|---|---|
| Plaintiff | $180.00 |
| Terry Batchelor | $100.00 |
| Roy Russ | $130.90 |
| Bill Wood | $150.00 |

Week ending 21 December 1979

| | |
|---|---|
| Plaintiff | $240.00 |
| Roy Russ | $216.00 |
| Bill Wood | $122.50 |

Week ending 28 December 1979

| | |
|---|---|
| Plaintiff | $138.00 |
| Terry Batchelor | $155.00 |
| Roy Russ | $ 96.75 |

Week ending 4 January 1980

| | |
|---|---|
| Plaintiff | $180.00 |
| Terry Batchelor | $125.00 |
| Roy Russ | $148.00 |

It is well settled in this jurisdiction that a claimant who seeks to avail himself of the Workers' Compensation Act, has the burden of proving that the employer-employee relationship existed at the time of the injury. *Lloyd v. Jenkins Context Co.*, 46 N.C. App. 817, 266 S.E. 2d 35 (1980); *Lucas v. Stores*, 289 N.C. 212, 221 S.E. 2d 257 (1976). The question as to whether an employer-employee relationship existed at the time of injury is a question of jurisdictional fact, and the finding of this jurisdictional fact by the Industrial Commission is not conclusive, but is reviewable by this Court on appeal. Thus, it is incumbent on this Court to review and consider all of the evidence of record and make an independent finding. *Lloyd v. Jenkins Context Co., supra; Lucas v. Stores, supra.*

[1]   Defendant first contends that plaintiff was not an employee under the provisions of the act.

The term "employee" is defined in G.S. 97-2(2) as:

"every person engaged in an employment under an appointment or contract of hire or apprenticeship, express or implied, oral or written . . ."

The evidence in the case *sub judice* is remarkably similar to the evidence in *Lloyd v. Jenkins Context Co., supra* which is relied upon by the plaintiff. In *Lloyd,* the plaintiff, a skilled carpenter, was hired by the defendant to perform carpentry work at an hourly rate. Plaintiff kept his own time and was not required to work regular hours, although he normally worked approximately 40 hours per week. At times, a foreman would "point out" to plaintiff what to do and how to do it. Defendant did not make any social security payments for plaintiff or withhold any taxes from plaintiff's pay. The plaintiff assumed that he was self-employed.

In holding that an employer-employee relationship existed within the provisions of the Workers' Compensation Act, this Court stated:

"We consider the following factors to be determinative: (1) the plaintiff was working for an hourly wage and not for a contract price for a completed job; (2) defendant's own witnesses testified a foreman could instruct the plaintiff in how to do the work. The fact that plaintiff was skilled in his

job so that he needed very little supervision does not make him an independent contractor; (3) the plaintiff did not have an independent business as a carpenter; (4) the plaintiff worked full-time for Jenkins; (5) the defendant Jenkins apparently had the right to discharge the plaintiff at any time; and (6) there was no evidence that plaintiff had the right to employ people to assist him in the carpentry work without the permission of Jenkins . . . We also do not believe the plaintiff's characterization of himself as 'self-employed' should govern. It is the evidence as to what the relationship was that determines and not what the plaintiff thought it was."

*Lloyd*, 46 N.C. App. at 819, 266 S.E. 2d at 37. The court also stated that the fact the plaintiff did not have to work regular hours, that defendant did not pay plaintiff's social security or withhold taxes from plaintiff's pay, were not factors determinative of the issue.

In this case also, the fact that (1) both plaintiff and defendant assumed plaintiff was self-employed; (2) plaintiff did not have regular working hours; (3) defendant did not withhold taxes from plaintiff's pay; and (4) plaintiff was skilled in his job, so that he needed very little, if any, supervision are not determinative of the issue of what relationship existed between plaintiff and defendant. Nor is the fact that in this case plaintiff provided his own work tools.

As in *Lloyd v. Jenkins Context Co.*, we find the following factors to be determinative: (1) plaintiff was working for an hourly wage and not for a contract price; (2) plaintiff worked full time for defendant; (3) defendant could discharge plaintiff at any time; (4) plaintiff did not have a business as an independent contractor.

Therefore we hold that at the time of plaintiff's injury, 20 December 1979, an employer-employee relationship under the Workers' Compensation Act existed between plaintiff and defendant.

[2]   Defendant next contends that he did not have the four or more employees regularly employed at the same business or station on 20 December, 1979, required to subject him to the Workers' Compensation Act.

---

**Durham v. McLamb**

---

Again, the courts of this jurisdiction have held that this is a question of jurisdictional fact and that the reviewing court is required to review and consider the evidence and make an independent determination. *Chadwick v. North Carolina Department of Conservation and Development,* 219 N.C. 766, 14 S.E. 2d 842 (1941). The *Chadwick* court ruled that evidence showing a defendant had in his employ *five* or more employees "must affirmatively appear" in the record to sustain the jurisdiction of the Industrial Commission over the claim.[1] *Id.* at 767, 14 S.E. 2d at 843.

Although we have held that on 20 December 1979, the relationship between plaintiff and defendant was that of employer-employee under the Act, defendant would not be subject to and bound by the Act if at the time of plaintiff's injury, defendant did not regularly employ four or more persons. G.S. 97-2(1); G.S. 97-13(b); *Cousins v. Hood,* 8 N.C. App. 309, 174 S.E. 2d 297 (1970); *Patterson v. Parker & Co.,* 2 N.C. App. 43, 162 S.E. 2d 571, *cert. denied,* 274 N.C. 379 (1968).

It is not disputed that during the week ending 21 December 1979, only three carpenters (plaintiff, Roy Russ, and Bill Wood) were on the job site. Our courts have held that the number of workers on the job site on the date of the injury, standing alone, is not determinative of the issue. If the defendant had four or more "regularly employed" employees, the fact that he fell below the minimum requirement on the actual date of injury would not preclude coverage. *Patterson v. Parker & Co.,* 2 N.C. App. at 48, 162 S.E. 2d at 575, *citing* Larson, Workmen's Compensation Law, Vol. 1A Sec. 52.20.

While there is no statutory definition of "regularly employed," this Court stated in *Patterson:*

> "We believe that the term 'regularly employed' connotes employment of the same number of persons throughout the period with some constancy."

*Id.* at 48-49, 162 S.E. 2d at 575.

---

1. G.S. 97-2(1) and G.S. 97-13(b) now require *four* or more employees "regularly employed."

Durham v. McLamb

The evidence is undisputed that defendant was building approximately four rental houses; that in early December, 1979 defendant hired plaintiff and three other skilled carpenters to install subflooring and to frame these houses; that the employment lasted through early January, 1980; that there was no requirement as to the days or hours the carpenters worked; that plaintiff worked full-time; and that the carpenters were paid an hourly wage. Further, there was no indication at the time of plaintiff's accident that employment of the plaintiff, Wood, Batchelor, and Russ would be terminated before the carpentry work on defendant's rental houses was completed. In fact, the plaintiff and the three other carpenters were not discharged until early January, 1980, when defendant told the workers that there was plenty of work for the carpenters to perform, but that he had run out of money to pay them for additional work.

We hold that the plaintiff, Russ, Batchelor, and Wood were full-time, "regularly employed" employees of the defendant until their discharge in early January, 1980; that although they worked irregular days and hours, their employment extended over a period of some four weeks, during which they worked, not by chance or for a particular occasion, but according to a definite employment at hourly wages which were paid at the end of each week worked.

Under the circumstances of this case, the fact that the carpenters were not required to work a definite number of hours or days each week, and that only Russ, Wood, and plaintiff reported for work on 20 December 1979 does not alter their (plaintiff, Wood, Batchelor, and Russ) status as "regularly employed" employees of defendant throughout early December, 1979 and early January, 1980.

We find no error of law in the opinion, findings and award of the Industrial Commission.

Affirmed.

Chief Judge MORRIS and Judge BECTON concur.