STATE OF NORTH CAROLINA EX REL. EMPLOYMENT SECURITY COMMIS-
SION, APPELLEE v. THELMA M. PARIS, APPELLANT v. MARY D.
EMMERSON, APPELLEE

No. 9015SC284

(Filed 5 February 1991)

**Master and Servant § 101 (NCI3d)— private nurse's assistant —
independent contractor — no unemployment compensation**

A private nurse's assistant was an independent contractor
and was properly denied unemployment compensation benefits
where the claimant worked as a nurse's assistant to Mary
Emmerson; she negotiated the terms of her employment with
Mrs. Emmerson's son; there was evidence in the record to
show that at the time of contracting she knew that she would
not be able to receive unemployment insurance benefits; there
was testimony that the parties orally agreed that claimant
would serve as an independent contractor; Mrs. Emmerson's
son testified that he and claimant expressly discussed being
an independent contractor and the consequences which fol-
lowed being an independent contractor; claimant testified at
the hearing before the Deputy Commissioner that she knew
she would not have any benefits as the job was set up and
that she would make her money from salaries and would have
to save her money so that she would have her own benefits.
It would be inconsistent with her agreement with Emmerson
for claimant to have reaped the benefits of a higher salary
without deductions and now receive unemployment insurance
benefits.

**Am Jur 2d, Unemployment Compensation §§ 25, 38.**

Judge JOHNSON dissenting.

APPEAL by claimant from judgment entered 13 December 1989
by *Judge Gordon Battle* in ORANGE County Superior Court. Heard
in the Court of Appeals 16 November 1990.

*North State Legal Services, Inc., by Carlene McNulty, for
appellant Thelma Paris.*

*C. Coleman Billingsley, Jr., for appellee Employment Security
Commission; and Long & Long, by Dave Obringer and Lunsford
Long, for appellee Mary D. Emmerson.*

COZORT, Judge.

In this case the trial court held that a private nurse's assistant was an independent contractor and affirmed the denial of unemployment compensation benefits. We affirm.

Thelma Paris, claimant or appellant herein, is a nurse's assistant. From November 1986 until February 1988, she worked as a nurse's assistant to Mary Emmerson. Claimant negotiated the terms of her employment with Mrs. Emmerson's son. Claimant performed various services for Mrs. Emmerson, including bathing, personal grooming, administering medicine, dressing a surgical wound and some housekeeping. Claimant was relieved of her duties in February 1988 when Mrs. Emmerson and her husband required more skilled care than claimant was able to provide.

On 6 March 1988, Paris filed a claim with the Employment Security Commission [hereinafter ESC] for unemployment compensation. She was denied benefits on the grounds that she was not an employee of the Emmersons but an independent contractor. Claimant appealed. Deputy Commissioner T. S. Whitaker rendered an opinion on 14 March 1989 which affirmed the determination that Paris was an independent contractor and not an employee. Claimant appealed to Orange County Superior Court. Judge Gordon Battle affirmed the decision of the ESC. Claimant appeals to this Court.

Claimant assigns as error the court's entry of judgment affirming the final decision of the ESC finding that the claimant was an independent contractor and not an employee. The Deputy Commissioner found:

7. When Paris began this relationship with the Emmersons, she was interviewed by Fred B. Emmerson, Jr. She wanted to be paid without Social Security or taxes withheld. She understood that she would have to pay her own taxes and would have no benefits such as vacation, insurance, etc. She was responsible for arranging for other care givers to be there and was responsible for arranging for a replacement when she could not be there. She has, on occasion, submitted a time sheet and paid the replacement out of the money that she received.

8. This employment relationship began with the expressed understanding that Paris was an independent contractor and

not an employee. She acted in a supervisory type capacity for the other individuals who worked for the Emmersons. Mary Emmerson is unable to talk and both Fred B. Emmerson and Mary Emmerson require a great deal of help. Thelma Paris was replaced by a licensed practical nurse because an individual with more extensive training in health care was needed.

9. Fred Emmerson, Jr., retained the right to discharge or separate Thelma Paris for gross negligence and to insure that she properly cared for his parents. He did not retain the right nor did he supervise and control the daily activities of the claimant.

For the reasons we set forth below, we hold that the trial court did not err by affirming the findings and decision of the ESC.

Unemployment insurance benefits are not available to those who are not employees within the meaning of the unemployment insurance statute. N.C. Gen. Stat. § 96-8(6) defines employment as

service performed . . . for wage or under any contract of hire, written or oral, express or implied, in which the relationship of the individual performing such service and the employing unit for which such service is rendered is, as to such service, the legal relationship of employer and employee. Provided, however, the term "employee" . . . does not include (i) any individual who, under the usual common-law rules applicable in determining the employer-employee relationship, has the status of an independent contractor or (ii) any individual (except an officer of a corporation) who is not an employee under such common-law rules.

In *Hayes v. Elon College*, 224 N.C. 11, 29 S.E.2d 137 (1944), the Supreme Court set forth the primary criteria to be considered in determining whether an individual is an employee or an independent contractor. While the court held that no one particular criteria must be present, the court held that an independent contractor:

(a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than

STATE ex rel. EMPLOYMENT SECURITY COMM. v. PARIS

[101 N.C. App. 469 (1991)]

another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.

*Id.* at 16, 29 S.E.2d at 140. In the case below, the Deputy Commissioner found that

This case is one that does not easily lend itself to a decision. Certain criteria would indicate that this claimant was an employee and others would indicate that she was independent contractor. The undersigned reaches the result that is reached because he believes that the parties clearly intended for this to be a relationship of employer/independent contractor and not employer/employee.

We hold that this conclusion is proper.

The record on appeal reveals facts indicative of an employer and employee relationship as well as those of an employer and independent contractor relationship. While we recognize that the parties' intent may not always be so readily apparent as to be a criteria for the determination of whether an individual is an independent contractor, we find that in the case at bar it is helpful to consider the intent of the parties.

We find merit to Emmerson's argument that her son, who negotiated the hiring of Paris, and Paris intended the relationship to be one of employer and independent contractor. There is evidence in the record to show that at the time of contracting Paris knew that she would not be able to receive unemployment insurance benefits. There is testimony that the parties orally agreed that Paris would serve as an independent contractor. Emmerson's son testified that he and claimant expressly discussed the differences between being an independent contractor and the consequences which follow being an independent contractor. At the hearing before the Deputy Commissioner, Paris testified that she knew that she would not have any benefits as the job was set up. She recognized that she would make her money from the salaries and that she would save her money so that she would have her own benefits when she needed a "vacation or whatever." Further, claimant testified that "when the job came to an end for me, I said, well, I don't have any benefits, I know [*sic*] that I wouldn't." We find that it would be inconsistent with her agreement with Emmerson for

claimant to have reaped the benefits of a higher salary without deductions and now receive unemployment insurance benefits.

From the evidence in the record, it is apparent that the parties did not intend for claimant to receive the agreed upon salary free from deductions and also be eligible for unemployment compensation benefits. Considering both the intention of the parties and the *Hayes* factors present in this case, we hold that claimant was hired as an independent contractor.

Thus, we affirm the superior court's order affirming the ESC's denial of unemployment insurance benefits.

Affirmed.

Judge WELLS concurs in result.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent. While the majority opinion acknowledges that "[t]he record on appeal reveals facts indicative of an employer and employee relationship as well as those of an employer and independent contractor relationship," it nevertheless finds that the intent of the parties is the deciding factor in the disposition of this issue. I believe, however, that the evidence as to claimant Thelma Paris' relationship with appellee Emmerson strongly suggests that their relationship was one of employer and employee.

In taking this position, I find *Lloyd v. Jenkins*, 46 N.C. App. 817, 266 S.E.2d 35 (1980), to be analogous to the instant case. In *Lloyd*, this Court held that although the claimant was a skilled carpenter and required little supervision, he was considered an employee. Specifically, the Court found the following factors to be determinative: (1) the claimant was working for an hourly wage and not for a contract price for a completed job; (2) the defendant's foreman could instruct the claimant on how to do the work; (3) the claimant did not have an independent job in his trade; (4) the claimant worked full time for the defendant; (5) the defendant had the right to discharge the claimant at any time; and (6) the claimant did not have the right to employ people to assist him. In addition, the Court recognized and concluded that a failure to withhold taxes and/or social security from a claimant's paycheck

is not determinative. Rather, what is determinative is *what the evidence is as to the relationship not what the claimant thought it was. Id.* at 819, 266 S.E.2d at 37.

Both the majority and appellee Emmerson take the position that claimant and Mr. Emmerson *intended* to create an employer and independent contractor relationship and that such intent was evidenced by their negotiations during the time of contracting. In addition, the majority states that the parties did not *intend* for claimant to receive both the agreed upon salary, free from deductions and unemployment compensation benefits. The majority, in my opinion, places too much emphasis upon the alleged intent of the parties and not enough emphasis upon the evidence itself as required by case law. *See Lloyd*, 46 N.C. App. 817, 266 S.E.2d 35. Having applied the *Lloyd* standard to the instant facts, I find all six factors to be present.

The record reveals that from November 1986 until February 1988, claimant was hired by and worked solely for the Emmersons as a nurse's assistant and housekeeper. Her duties included cooking, cleaning, vacuuming, washing dishes, bathing, personal grooming, and administering oral medication according to label instructions. She usually worked from 7:00 a.m. until 3:00 p.m., five or six days per week at an hourly rate of $6.00. Bi-weekly time sheets submitted to Fred Emmerson were the basis upon which claimant was paid. In accordance with their initial agreement, neither taxes nor social security were withheld. Testimony elicited from Mr. Emmerson suggested that claimant exercised some supervision over the other home health aides, but had no authority to hire or fire them. In fact, no assistants worked with claimant on her shift. In addition, claimant frequently called Mr. Emmerson for instructions "when things got out of hand."

Despite the factual differences, a direct comparison of the determinative factors in *Lloyd* with the case *sub judice* unequivocally establishes an employer and employee relationship between the parties. First, claimant was working as a nurse's assistant and housekeeper for an hourly wage and not for a contract price for a completed job. Second, Mr. Emmerson could and did instruct claimant on how to do some of the work. He also prepared a list of approved replacements that claimant was to choose from if she could not work. Third, claimant did not have an independent job in her trade during the time she was employed by the Emmersons.

Fourth, claimant worked 8 hours a day, five or six days a week. Fifth, Mr. Emmerson had the right to discharge claimant at any time and did, in fact, when it became obvious to him that appellee Emmerson and her husband required more skilled care than claimant could provide. Finally, claimant did not have the authority to employ people to assist her. All aides and/or assistants were hired by Mr. Emmerson.

In light of the above facts and in keeping with our holding in *Lloyd*, I believe the relationship between appellee Emmerson and claimant was one of employer and employee rather than employer and independent contractor. Moreover, I believe claimant is entitled to unemployment compensation benefits. A finding to the contrary on these facts, in my opinion, is in opposition of *Lloyd*.