The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties of their representatives, or amend the Opinion and Award.
At the hearing below the parties submitted a Pre-Trial Agreement dated June 13, 1994 which is incorporated by reference. The documents attached to the agreement were stipulated into evidence.
**********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
FINDINGS OF FACT
1. In 1989 H.L. Sanderson, a businessman in Duplin County, was an officer and stockholder in both H.L. Sanderson Farms, Inc., (Sanderson Farms) and Carolina Frozen Foods. Carolina Frozen Foods was created in October 1985, and while in business operated as a processor of farm produce. Carolina Frozen Foods is no longer in business and has been liquidated in bankruptcy. (T p 45) This corporation owned and operated a cold storage facility where vegetables were processed and frozen. Sanderson Farms was subsequently created in April 1987 to engage in an agricultural type of business, including not only growing crops but also buying, selling and distributing them. Being an agriculture enterprise, Sanderson Farms did not have to carry Workers' Compensation coverage under our laws unless it employed 10 or more non-seasonal agricultural workers while Carolina Frozen Foods had to have coverage because it did not qualify as an agricultural entity and had three or more employees. G.S. 97-2 (1). According to the hearing testimony of H . L . Sanderson, Carolina Frozen Foods was owned jointly by Mr. Sanderson and his wife, their four daughters, and other individuals. (T p 48) H. L. Sanderson Farms, on the other hand, was owned only by Mr. Sanderson and his wife. (T p 48)
2. Mr. Sanderson operated both businesses and was not careful to separate the various functions of the two corporations. Carolina Frozen Foods leased farm land and apparently owned some farm equipment, but the farm laborers who worked on those farms were paid by Sanderson Farms.
3. Plaintiff was hired by Mr. Sanderson as a farm laborer. His job duties included picking vegetables such as zucchini and squash, loading them into a truck and driving the truck with the vegetables to Carolina Frozen Foods' facility where they would be unloaded. He was paid $4.50 per hour by Sanderson Farms. However, he worked in fields leased by Carolina Frozen Foods and drove a truck owned by Carolina Frozen Foods. Plaintiff was a farm worker and physically worked on a farm which was operated by H. L. Sanderson Farms. This farm operation was located quite some distance away from the food processing operation of Carolina Frozen Foods . (T p 53) Although plaintiff performed some odd jobs at the Carolina Frozen Foods location on an infrequent basis, and occasionally would drive a truck from the farm operation to Carolina Frozen Foods to deliver produce, he was not engaged in any of these activities at the time of his injury, and clearly was employed as a farm worker. (T pp 10-12, 33) Plaintiff did not ever work in the Carolina Frozen Foods plant on a regular basis. (T pp 33-34)
4. At the time in question, Sanderson Farms did not have workers' compensation insurance. Carolina Frozen Foods had a workers' compensation policy with Cigna Insurance Company for the employees on its payroll, and there were no farm workers on its payroll. Furthermore, the insurance agent who procured the insurance policy was not advised that there were any farming operations performed by the company. Only the operations of the cold storage facility were described and covered.
5. The details of the arrangement between Sanderson Farms and Carolina Frozen Foods were not placed into evidence. In any event, plaintiff was not proven to have been an employee of Carolina Frozen Foods. Not only was he not on that company's payroll, there was no evidence that he was specifically supervised by personnel in the company. Mr. Sanderson ran both operations and could be associated with either. His testimony that the entire operation was run by Carolina Frozen Foods was not credible. It was directly contradicted by physical evidence, the W-2 furnished to Mr. Kennedy, which showed H.L. Sanderson Farms, Inc., as the employer, and by the paycheck, which showed the same. Mr. Sanderson testified further that H. L. Sanderson Farms never hired anyone, that the paychecks to the employees from H. L. Sanderson Farms were "paperwork only," and that H. L. Sanderson Farms had no separate existence from Carolina Frozen Foods. (T pp 45-47) However, the evidence presented at the hearing before Deputy Commissioner Chapman clearly contradicts these assertions, and Deputy Commissioner Chapman correctly concluded that Mr. Sanderson's testimony that the entire operation was run by Carolina Frozen Foods was not credible . We agree that it was not credible. Mr. Sanderson knew that Carolina Frozen Foods had workers' compensation insurance while H.L. Sanderson Farms, Inc., did not and he knew that both corporations were no longer in business. One possible motive in his testimony that Mr. Kennedy was employed by Carolina Frozen Foods in direct opposition to the physical evidence is that he wanted Mr. Kennedy to be able to collect workers compensation.
6. Plaintiff was employed by Sanderson Farms. No evidence was offered regarding the number of other employees working for that corporation and specifically the number of full-time non-seasonal farm laborers regularly employed by the company.
7. On approximately November 9, 1989 plaintiff mixed insecticide and began to spray it onto crops on one of the farms leased by Carolina Frozen Foods. He subsequently began to experience nausea. It began to rain, so he stopped spraying. However, his symptoms began to worsen and he went home. His wife later took him to the hospital where Dr. Verrilli examined him and discovered that he had irregular heart beats. Dr. Verrilli admitted him to the hospital and treated him with medication, and his condition stabilized.
8. Plaintiff filed a workers' compensation claim against defendants alleging that he sustained pesticide poisoning on approximately November 9, 1989 in the course of his employment.
**********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. An employer-employee relationship did not exist between plaintiff and defendant Carolina Frozen Foods on November 9, 1989. G.S. § 97-2;Anderson v. Northwestern Motor Company, 233 N.C. 372 (1951). In every case before the Industrial Commission, the plaintiff has the burden of proving that an employer-employee relationship existed. Doudv. K G Janitorial Services, 69 N.C. App. 205 cert denied
312 N. C . 492 (1984); Durham v. McLamb, 59 N.C. App. 165 (1982); Lloyd v.Jenkins Context Company, 46 N.C. App. 817 (1980) . With respect to Carolina Frozen Foods, plaintiff has failed to carry that burden. The facts show that he was employed by H.L. Sanderson Farms, Inc., instead of by Carolina Frozen Foods.
2. An employer-employee relationship did exist between plaintiff and defendant Sanderson Farms on November 9, 1989. G.S. § 97-2.
3. Defendant Sanderson Farms was a farming operation and plaintiff did not prove that it regularly employed at least ten full-time, non-seasonal farm laborers. Consequently, it was not shown to be subject to or bound by the North Carolina Workers' Compensation Act. G.S. § 97-13.
4. The North Carolina Industrial Commission does not have jurisdiction over this claim. G.S. § 97-13.
**********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. This claim is hereby DISMISSED for lack of jurisdiction.
2. Each side shall pay its own costs.
 S/ ______________________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
S/ ______________________________ COY M. VANCE COMMISSIONER