* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence, the Full Commission finds different facts and reverses the Deputy Commissioner's denial of benefits, and enters the following Opinion, Award and Order.
 * * * * * * * * * * *
In their pretrial agreement, the parties stipulated to plaintiff's medical records and the Industrial Commission Forms that were filed in this matter. There were no stipulated facts.
Defendants' filed contentions included a Motion to admit the affidavits of Robert Harell Britt, Robert Lee Durden Jr., Jerry Lynn Durden, John Gadauskas, and adjuster reports from Atlantic Claims, Inc., after the closing of the evidentiary record. Plaintiff objected to all the evidence as being untimely. Defendants offered no reason that these witnesses were not available to testify at the hearing in this matter or by post-hearing deposition. Plaintiff was not given any opportunity to cross-examine the witnesses who provided the affidavits. Jerry Lynn Durden was present at the hearing and not offered as a witness. Defendants also failed to answer all of plaintiff's discovery requests prior to the hearing despite being ordered to do so when plaintiff filed a motion to compel. The offered affidavits and adjuster reports are excluded from evidence in this matter.
During the hearing before the deputy commissioner on October 19, 2004, then Assistant Attorney General Myra Griffith, who is now a deputy commissioner of the Industrial Commission, moved that Robert Lee Durden Sr., Robert Lee Durden Jr., Terry Durden, Jerry Lynn Durden, and the partnership known as Durden Home Improvement PTR be added as defendants in both IC No. 370481 and PH No. 1028. That motion was granted. Based upon the evidence of record, the Full Commission has changed the caption on these cases to the form that appears above.
 * * * * * * * * * * *
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission finds as fact and concludes as matters of law the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 43 years old and had completed the ninth grade. Plaintiff has a wife and three children.
2. Robert Lee Durden Sr. started Durden Home Improvement around 1982 as a sole proprietorship, adding his three sons as partners in 2003. Although the written partnership agreement entered into evidence by defendants showed only the three sons as partners, the Full Commission finds that the actions of Robert Lee Durden Sr., together with those of his sons, indicate that Robert Lee Durden Sr. was a fourth partner. Robert Lee Durden Sr. shared in profits of the partnership and acted as a partner in hiring and directing plaintiff concerning the partnership's business.
3. The Full Commission finds, based upon the greater weight of evidence before it, that plaintiff was hired by Robert Lee Durden Sr. to work for Durden Home Improvement PTR, a partnership, for $100.00 per day. The agreement was for plaintiff to work five days a week for 40 hours, running a crew. The agreement was not made in writing. Defendants' evidence that Robert Lee Durden Sr., in his individual capacity and not as a partner in Durden Home Improvement PTR, hired plaintiff to work at Robert Lee Durden Sr.'s home is not credible. Defendants' contention that plaintiff was an independent contractor is not tenable. The Full Commission accordingly finds that plaintiff was an employee of Durden Home Improvement PTR.
4. On August 5, 2003, plaintiff was working as instructed by Durden Home Improvement PTR on Robert Lee Durden Sr.'s home tearing down an old carport and building a new carport. Plaintiff was working along with Jerry Lynn Durden, Robert Lee Durden Jr., Terry Durden, and Robert Harell Britt, plaintiff's brother. Plaintiff fell from a scaffold when it collapsed and suffered a tibial plafond fracture injury to his right foot. Plaintiff's injuries were severe and he incurred considerable medical expense and was unable to earn wages by reason of his injury by accident.
5. Dexter McClain, a public accountant, testified that Chris Durden, Dan Caulder, Robert Britt, and Timothy Miller worked for Durden Home Improvement PTR in 2003. Chris Durden was issued a 1099 for 2003 in the amount of $1,185.00. Dan Caulder was issued a 1099 for 2003 in the amount of $6,975.00. Robert Britt was issued a 1099 for 2003 in the amount of $13,660.00. Timothy Miller was issued a 1099 for 2003 in the amount of $605.00.
6. The Full Commission finds, based upon the greater weight of evidence before it, that during calendar year 2003 Durden Home Improvement PTR regularly employed three or more employees in the same business, and therefore that Durden Home Improvement PTR was subject to the Act and was required to have workers' compensation insurance on the date of plaintiff's injury.
7. Defendant failed to answer plaintiff's discovery requests timely and plaintiff's counsel had to file a motion to compel. An order was issued compelling Defendant to complete discovery. At the time of the hearing, defendants had provided some discovery responses, but had failed to respond to all of plaintiff's discovery requests including production of documents. This caused plaintiff's counsel to have to expend time and expense to seek an order from the Commission, as well as to renew the request for compliance with the order prior to the start of the hearing in this case.
8. Plaintiff's average weekly wage was $500.00 and his weekly compensation rate is $333.33.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. During calendar year 2003, Durden Home Improvement PTR regularly employed three or more employees and, therefore, was required to carry workers' compensation insurance. N.C. Gen. Stat. § 97-2(1). The fact that Durden Home Improvement PTR may have employed fewer than three employees on the actual day of plaintiff's injury by accident does not preclude coverage.Durham v. McLamb, 59 N.C.App. 165, 296 S.E.2d 3 (1982).
2. Plaintiff suffered a compensable injury by accident within the course and scope of his employment on August 5, 2003, for which the defendants owe plaintiff both disability compensation and medical compensation. N.C. Gen. Stat. §§ 97-25, 29.
3. Defendants failed to timely respond to discovery requests in violation of the Full Commission's order compelling discovery, justifying a sanction of reasonable attorney fees pursuant to Rule 802 of the Workers Compensation Rules of the North Carolina Industrial Commission.
4. Defendants are subject to various sanctions as a result of their failure to maintain workers' compensation insurance. N.C. Gen. Stat. § 97-93.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD AND ORDER
1. Defendants shall pay, or reimburse those who paid, all medical expenses resulting from plaintiff's compensable injury by accident, including but not limited to all of those expenses introduced in evidence in this matter.
2. Defendants shall pay to plaintiff disability compensation at the rate of $333.33 per week for all weeks during which plaintiff was unable to earn wages by reason of his compensable injuries. Defendants shall pay past due compensation in a lump sum, subject to the attorney fee set forth below.
3. Defendants shall pay directly to plaintiff's lawyer 25% of the lump sum otherwise due to plaintiff in paragraph 2 above, and shall pay to plaintiff the remaining 75% of the lump sum. Thereafter, defendant shall pay every fourth disability compensation check directly to plaintiff's attorney.
4. Defendants shall additionally pay plaintiff's counsel an attorney fee of $500.00 for the work required by plaintiff's counsel in response to defendants' failure to comply with the Commission's discovery order.
5. This matter is remanded to the deputy commissioner section of the Industrial Commission for a hearing to determine what penalties are appropriate for defendants' failure to maintain workers compensation insurance, what assets the defendants have that may be levied upon to satisfy such penalties, for what periods disability compensation is owed, and what further medical bills should be paid or reimbursed.
6. Copies of this Opinion, Award and Order shall be served upon Robert Lee Durden Sr., Robert Lee Durden Jr., Terry Durden, and Jerry Lynn Durden, in their individual capacities and as partners of Durden Home Improvement PTR, by certified mail return receipt requested. A copy shall also be forwarded to the Attorney General's office for prosecution of appropriate penalties.
This 12th day of June, 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER