***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes, and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 *********** RULING ON MOTION TO ADMIT ADDITIONAL EVIDENCE
Plaintiff has moved the Full Commission to admit additional evidence into the evidentiary record in this matter, specifically, "all correspondence to or from the Commission in this claim, as well as all I.C. Forms and all proceedings in this claim, to show notice." The Full Commission, in *Page 2 
its discretion, hereby GRANTS plaintiff's motion to admit the additional evidence referenced above.
 ***********
Based upon all the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was forty-four years old at the time of hearing before the Deputy Commissioner. He has a high school education.
2. In August 2006, plaintiff was hired as a carpenter by defendant Charles McLamb d/b/a McLamb Construction Company. Mr. McLamb obtained commercial and residential carpentry work as a subcontractor from several general contractors.
3. Plaintiff testified that Mr. McLamb paid him $20.00 per hour. Plaintiff testified that he does not own a business but, rather, is employed by Mr. McLamb. Mr. McLamb provided plaintiff with transportation to and from work. Mr. McLamb controlled how plaintiff was to perform his carpentry duties, as well as the outcome of the final product. Mr. McLamb provided plaintiff with all needed power tools and dictated plaintiff's starting and ending work times. In considering the totality of the evidence in this record, the Full Commission finds that plaintiff was an employee of defendant-employer Charles McLamb and, thus, subject to the Workers' Compensation Act.
4. As of January 25, 2007, defendant-carrier Travelers had issued a workers' compensation policy under N.C. Gen. Stat. § 97-19 to defendant-employer Charles McLamb covering Mr. McLamb's employees. Travelers accepted the insurance premiums from the *Page 3 
defendant-employer to prove workers' compensation insurance for the employees of Mr. McLamb. Thus, the Full Commission finds that it has subject-matter jurisdiction in this case.
5. On January 25, 2007, plaintiff was performing work for the defendant-employer as a carpenter at a residence at 3005 Heather View Court in Forsyth County, North Carolina. He was sanding a floor using his right hand to operate a power floor grinder/sander. The grinder/sander unexpectedly hit an uneven place in the floor, went into the air, and landed on plaintiff's left hand, causing injury to the left hand.
6. The Full Commission finds that the incident involving the grinder/sander on January 25, 2007, constitutes an unexpected interruption of plaintiff's work routine and, thus, plaintiff sustained an injury by accident to his left hand arising out of and in the course of his employment with defendant-employer.
7. Plaintiff initially sought medical treatment for his left hand injury with Prime Care, and was referred by Prime Care to a hand specialist, Greg E. Cregan, M.D., with Carolina Orthopaedics. X-rays were taken of plaintiff's hand and plaintiff was written out of work.
8. Plaintiff was written out of work by Carolina Orthopaedics as a consequence of his left hand injury from January 25, 2007, through February 19, 2007, when he reached maximum medical improvement and was assigned a two percent (2%) permanent disability rating to his left hand by Dr. Cregan.
9. Although plaintiff maintains that he averaged $800.00 per week in earnings as an employee of defendant-employer, the only evidence in the record regarding plaintiff's actual wages is an IRS Form 1099 that shows wages of $8,800.00 for the period of August through December 2006 (approximately twenty weeks). Because there is insufficient evidence as to plaintiff's weekly wages over the 52 weeks immediately preceding the date of injury, the Full *Page 4 
Commission finds that the first and second methods of calculating average weekly wage would not yield results fair and just to both parties. Based upon the third method of calculating average weekly wage pursuant to N.C. Gen. Stat. § 97-2(5), the Full Commission finds plaintiff's average weekly wage to be $440.00 ($8,800.00 divided by 20 weeks equals $440.00), which yields a weekly compensation rate of $293.33.
10. Based upon a careful review of the record in this matter, the Full Commission, in its discretion, finds that defendants defended this claim without reasonable ground.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In determining whether a party is an employee or an independent contractor for purposes of the Workers' Compensation Act, it is well settled that there are eight factors which indicate classification as an independent contractor: the person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.McCown v. Hines, 140 N.C.App. 440, 537 S.E.2d 242 (2000), citingHayes v. Elon College, 224 N.C. 11, 16, 29 S.E.2d 137, 140 (1944). No one factor is determinative. Id. The Court further held in Durham v.McLamb, 59 N.C.App. 165, 296 S.E.2d 3 (1982): *Page 5 
 [W]e find the following factors to be determinative: (1) plaintiff was working for an hourly wage and not for a contract price; (2) plaintiff worked full time for defendant; (3) defendant could discharge plaintiff at any time; (4) plaintiff did not have a business as an independent contractor.
2. In the present case, the evidence of record shows that plaintiff does not own a business but, rather, considered himself to be employed by Mr. McLamb. Mr. McLamb provided plaintiff with transportation to and from work. Mr. McLamb controlled how plaintiff was to perform his carpentry duties, as well as the outcome of the final product. Further, Mr. McLamb provided plaintiff with all needed power tools and dictated plaintiff's starting and ending work times. In considering the totality of the evidence in this record, the Full Commission concludes that plaintiff was an employee of defendant-employer Charles McLamb and, thus, subject to the Workers' Compensation Act. Durham v. McLamb,59 N.C.App. 165, 296 S.E.2d 3 (1982).
3. The Full Commission concludes that the only evidence in the record regarding plaintiff's actual wages is an IRS Form 1099 that shows wages of $8,800.00 for the period of August through December 2006 (approximately twenty weeks). Because there is insufficient evidence as to plaintiff's weekly wages over the 52 weeks immediately preceding the date of injury, the Full Commission concludes that the first and second methods of calculating average weekly wage would not yield results fair and just to both parties. Based upon the third method of calculating average weekly wage pursuant to N.C. Gen. Stat. § 97-2(5), the Full Commission finds plaintiff's average weekly wage to be $440.00 ($8,800.00 divided by 20 weeks equals $440.00), which yields a weekly compensation rate of $293.33. N.C. Gen. Stat. § 97-2(5).
4. Plaintiff sustained a compensable injury by accident to his left hand arising out of and in the course of his employment with defendant-employer on January 25, 2007. N.C. Gen. Stat. § 97-2(6). *Page 6 
5. Plaintiff is entitled to receive temporary total disability compensation at the weekly rate of $293.33 from January 25, 2007, the date of injury, through February 19, 2007, when plaintiff was found to be at maximum medical improvement and released to return to work. N.C. Gen. Stat. § 97-29.
6. Plaintiff retains a two percent (2%) permanent partial disability rating to his left hand and, thus, is entitled to receive permanent partial disability compensation at the weekly rate of $293.33 for 4 weeks. N.C. Gen. Stat. § 97-31(12).
7. Plaintiff is entitled to receive medical compensation for his compensable left hand injury that is reasonably required to effect a cure, give relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25; and 97-25.1.
8. Based upon a careful review of the record in this matter, the Full Commission, in its discretion, concludes that defendants defended this claim without reasonable ground. N.C. Gen. Stat. § 97-88.1. Thus, plaintiff is entitled to reasonable attorney's fees in the amount of $750.00, which shall be taxed as a cost to defendants. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff temporary total disability compensation at the weekly rate of $293.33 from January 25, 2007, through February 19, 2007, subject to the attorney's fee provided herein. This compensation has accrued and shall be paid to plaintiff in a lump sum. *Page 7 
2. Defendants shall pay to plaintiff permanent partial disability compensation for the two percent (2%) permanent partial disability rating to his left hand at the weekly rate of $293.33 for 4 weeks, subject to the attorney's fee provided herein. This compensation has accrued and shall be paid to plaintiff in a lump sum.
3. Defendants shall provide to plaintiff medical compensation for his compensable left hand injury that is reasonably required to effect a cure, give relief, or lessen the period of disability.
4. Defendants shall pay directly to plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded to plaintiff herein. This fee is based upon compensation that has accrued, and shall be paid to plaintiff's counsel in a lump sum.
5. Based upon a careful review of the record in this matter, the Full Commission, in its discretion, concludes that defendants defended this claim without reasonable ground. N.C. Gen. Stat. § 97-88.1. Thus, plaintiff is entitled to reasonable attorney's fees in the amount of $750.00, which shall be taxed as a cost to defendants.
6. Defendants shall pay the costs of this matter.
This 28th day of May 2008.
 S/___________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1