***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and oral arguments before the Full Commission. The appeal by Defendants has not shown good grounds to reconsider the evidence based on the defense that Plaintiff was an independent contractor. The appeal by Plaintiff on the issue of the calculation of the average weekly wage has shown good grounds to reconsider the evidence. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Phillips with some modification.
 *********** *Page 2 
The following documentary evidence was admitted into evidence as:
 EXHIBITS
Plaintiff's Exhibit #1: Medical Records and five photographs.
State' Exhibit #1: Secretary of State Records.
Defendant's Exhibit #1: Articles of Incorporation.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff began working for Defendant, Wesley Dunn d/b/a Wesley's Services, sometime after Hurricane Katrina in August 29, 2005. Defendant's business was a tree service. Defendant has operated a tree business for approximately eight years.
2. Plaintiff began working for Defendant as a Climber's assistant, working on the ground cutting trees and assisting Tree Climbers. Plaintiff subsequently progressed to a Tree Climber position.
3. Defendant's normal business procedure was to take a customer's order and then call upon Climbers to work the project. Customers also included contractors who would price, bid and collect tree jobs and Defendant would actually perform the job for the contractor. On one occasion the Defendant sent Plaintiff and other workers to Louisiana to help clean hurricane debris. Defendant deployed a chipper, Bobcat, chainsaws and pickup truck with these workers.
4. Climbers worked only when Defendant had work available. The typical job lasted for a day and a half. Several workers associated with Defendant estimated that typically *Page 3 
four to five workers were assigned to a project, and Defendant proffered evidence that crews usually consisted of four.
5. Plaintiff contends he worked "Monday through Friday every week" and occasionally on Saturdays for Defendant. Coworkers corroborated Plaintiff's testimony, which Defendant controverted. The compelling weight of the evidence establishes that Plaintiff regularly worked for Defendant on a sustained basis.
6. Plaintiff testified that Defendant always supervised the work if the latter was present on a job site; otherwise, the later designated an individual on the job site as a supervisor. Plaintiff also received instructions, work schedules and periodic transportation from Defendant.
7. Plaintiff personally owned work related equipment acquired with Defendant's assistance; including a climbing belt, spikes and a climbing chainsaw. All other chainsaws and equipment were owned by Defendant. Testimony of coworkers corroborates Plaintiff's testimony that Defendant provided substantial tools of trade.
8. Defendant paid Plaintiff and others in cash.
9. Plaintiff testified that earned $100.00 to $120.00 per day performing ground work and he was paid $200.00 per day after undertaking a Tree Climber's responsibility. The testimony of coworkers, most of whom predated the date Plaintiff began working with the Defendant, extending through the period of Plaintiff's services, corroborates Plaintiff's testimony that ground assistants were paid $100.00 to $120.00 per day for an eight hour day.
10. Defendant paid Plaintiff and his co-workers weekly for each day worked. They were not paid a "fixed price" for any given project, and Defendant admitted that their remuneration considered time worked. Federal and State payroll taxes were not deducted. *Page 4 
11. While there was conflicting testimony as to the number of days worked per week, there was no dispute that Plaintiff was paid $100.00 — $120.00 for work on the ground and $200.00 per day for work climbing trees. Thus, based on the greater weight of the evidence presented, the Commission concludes that Plaintiff earned $200.00 per day for three days per week. This yields an average weekly wage of $600.00 and a compensation rate of $400.00 per week.
12. On November 22, 2006, Defendant contacted Plaintiff about working on a home site in Wake Forest, North Carolina. Plaintiff came to Defendant's office and Defendant transported the Plaintiff to the jobsite.
13. Plaintiff fell from the roof of the structure and sustained a broken left arm, seven broken ribs, a ruptured esophagus and loss of vision in the left eye. Plaintiff experienced a coma for one month and remained hospitalized for two and one half months. He was released with significant permanent medical conditions.
14. Plaintiff's medical conditions mandate a blood check every fifteen days for Coumadin dosage levels. Plaintiff has a permanent internal filter as a result of a ruptured esophagus and he is required to take Nexium daily because of acid buildup in his stomach.
15. Defendant paid Plaintiff $300.00 per week for nine months after his hospitalization and $500.00 monthly for his rent.
16. Plaintiff is able to work, but he is not employable as a Tree Climber or at employment requiring work at any heights because of his compromised vision. At the time of the hearing before the Deputy Commissioner, Plaintiff was working part-time as a janitor.
17. The evidence establishes that Defendant regularly employed three or more employees from at least July 1, 2006 through November 22, 2006. *Page 5 
18. Plaintiff was not engaged in an independent business. He started in the tree cutting business with Defendant as an assistant working on the ground and only became a Tree Climber at Defendant's encouragement. Plaintiff had none of the trappings of an independent business and no credible evidence of record establishes that Plaintiff advertised or held himself out as having an independent business.
19. The greater weight of the evidence establishes that Defendant was often on the job site and when present he supervised the work. When absent from the job site, Defendant designated an individual to act as supervisor.
20. While Plaintiff used some of his own tools; including a climbing belt, spikes and a climbing belt, Defendant furnished necessary equipment for use by Plaintiff and his co-workers. Defendant also provided vehicles and a Bobcat for use at job sites and provided crews with transportation to and from job sites in his truck.
21. Plaintiff did not have and was not able to hire an assistant. Despite Defendant's testimony that Plaintiff retained the ability to hire and control assistants, Defendant admitted that he paid the "rope man" that assisted the Plaintiff.
22. Defendant controlled Plaintiff's work, and he had the ultimate authority to terminate workers. When Defendant sent Plaintiff to Louisiana as a part of a crew, Defendant retained the right to control what work was accepted. Plaintiff and his co-workers were not free to take on any work without Defendant's permission. Defendant exercised substantial control over the times worked as they were transported frequently by Defendant in his vehicle to various local job sites.
23. Defendant admitted that he did not have worker's compensation coverage from June 30, 2006 through November 22, 2006, alleging that he could not afford the cost. At the *Page 6 
time of the neglect to procure workers' compensation insurance, Defendant's business form was that of a sole proprietor.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. North Carolina law is well settled that an injured worker is only entitled to benefits under the North Carolina Workers' Compensation Act (hereinafter "Act") if they are an employee of the party from whom compensation is sought. Barber vGoing West Transp., Inc.,134 N.C. App. 428, 517 S.E.2d 914 (1999). To be subject to the Act, an employer must regularly employ three or more employees. N.C. Gen. Stat. § 97-2(1)(2008).
2. Hayes v. Board of Trustees of Elon College,224 N.C. 11, 29 S.E.2d 137 (1944), establishes the eight factors to determine if an individual is an employee or independent contractor. The eight Hayes factors weighed in this case are:
 a. Is the person employed engaged in an independent business, calling or occupation?
 b. Does the individual have the independent use of his special skill, knowledge or training in the execution of the work?
 c. Is the person doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis?
 d. Is the individual not subject to discharge because he adopts one method of doing the work rather than another?
 e. Is the person not in the regular employ of the other contracting party?
 f. Is the individual free to use such assistants as he may think proper? *Page 7 
 g. Does the individual have full control over such assistants?
 h. Does the individual select his own time?
3. The Defendant's contention that Plaintiff was not his employee but he was an independent contractor is not well taken. While Plaintiff had skills applicable to an independent trade or calling, Plaintiff did not have or advertise as an established business independent of the Defendant. Durham v McLamb,59 N.C. App. 165, 296 S.E.2d 3 (1982) (carpenter who did not advertise or have his own business was found to be an employee);Lloyd v. Jenkins Context Co.46 N.C. App. 817, 266 S.E.2d 35 (skilled carpenter with no business, but who thought he was an independent contractor, was still an employee).
4. The terms of the contract between the Plaintiff and Defendant was not "doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis." Hayes v. Board of Trusteesof Elon College, 224 N.C. 11, 29 S.E.2d 137 (1944). In the instant case, Plaintiff and his co-workers were paid weekly for each day worked and time was considered in calculating remuneration. Where a claimant is paid on an hourly or time basis, the courts have found this practice to reflect an employer-employee relationship.Askew v. Leonard Tire Co., 264 N.C. 168, 141 S.E.2d 280 (1965);Youngblood v. North State Ford Truck Sales,321 N.C. 380, 364 S.E.2d 433 (1988).
5. In the instant case, the Plaintiff was regularly employed by the Defendant three days a week. Hayes v. Board of Trustees ofElon College, 224 N.C. at 11, 29 S.E.2d at 137.
6. Plaintiff did not retain his own assistants and the evidence establishes that Defendant paid for assistants to work with the Plaintiff. Hayes v. Board of Trustees of Elon College,224 N.C. at 11, 29 S.E.2d at 137 *Page 8 
7. Defendant largely controlled the time of work, frequently providing Plaintiff's transportation to job sites. "Where the worker must conform to a particular schedule and perform his job only during hours when Defendant's employees are available, the relationship is normally one of employment."Youngblood v. North State Ford Truck Sales,321 N.C. at 380, 364 S.E.2d at 433.
8. The greater weight of the evidence compels a conclusion that Defendant had the extent of control over Plaintiff that the latter was an employee on the date of the accident and not an independent contractor. Durham v. McLamb,59 N.C. App. at 169, 296 S.E.2d at 7 (where foreman instructed a skilled carpenter on some details, the carpenter was still an employee). Further, Defendant furnished "valuable equipment . . . to the worker, [making] the relationship . . . almost invariably that of employer and employee." Youngblood v. North State FordTruck Sales, 321 N.C. at 380, 364 S.E.2d at 433.
9. The greater weight of the evidence in the instant case establishes that Defendant regularly employed three or more employees and an employment relationship existed between Plaintiff and Defendant on November 22, 2006. N.C. Gen. Stat. § 97-93.
10. Plaintiff's injury of November 22, 2006 is a compensable injury by accident, which arose out and in the course and scope of his employment with Defendant. N.C. Gen. Stat. § 97-2(6).
11. Plaintiff became totally disabled as of November 22, 2006 and remained so until August 22, 2007. Plaintiff is entitled to temporary total disability benefits in the amount of $400.00 per week from November 22, 2006 to August 22, 2007. N.C. Gen. Stat. § 97-29. Defendant is entitled to a credit for the temporary total disability benefits paid to Plaintiff for said time period. N.C. Gen. Stat. § 97-42. *Page 9 
12. Plaintiff is entitled to temporary total disability benefits under N.C. Gen. Stat. § 97-29 and to elect benefits under either N.C. Gen. Stat. §§ 97-30 or 97-31 upon reaching the end of his healing period.
13. Plaintiff is entitled to past and future medical compensation for his November 22, 2006 injury by accident. N.C. Gen. Stat. § 97-25.
14. As a result of Defendant's failure to comply with N.C. Gen. Stat. § 97-93, a penalty of $50.00 per day for a period of one hundred forty-five days is mandatory. N.C. Gen. Stat. § 97-94(b). As the Defendant operated as a sole proprietor throughout the entire period of his neglect to provide workers' compensation insurance, the penalties that may be imposed pursuant to N.C. Gen. Stat. § 97-94(d) are inapplicable.
 ***********
The forgoing Stipulations, Findings of Fact and Conclusions of Law engender the following:
 AWARD
1. Defendant shall pay Plaintiff for all past and future medical expenses related to his November 22, 2006 injuries when the bills have been submitted in accordance with Industrial Commission procedures.
2. Defendant shall pay Plaintiff for all past total disability benefits in one lump sum from November 22, 2006 to August 22, 2007 at a compensation rate of $400.00 per week, but subject to a credit for sums previously paid and subject to the attorney fee provided hereinafter.
3. When Plaintiff completes the healing process, he is entitled to elect the most munificent benefits pursuant to N.C. Gen. Stat. §§ 97-30 or 97-31. *Page 10 
4. Defendant shall pay a penalty of $7,250.00 for failure to secure workers' compensation insurance.
5. Plaintiff shall pay a reasonable attorney fee of 25% of the disability benefits awarded to the Plaintiff. For past due benefits, Defendants shall deduct the attorney fee from the lump sum due Plaintiff and pay the same directly to Plaintiff's counsel. For future disability benefits, Defendant shall deduct each fourth payment and pay the same to Plaintiff's counsel.
6. Defendants shall bear the costs.
This the ___ day of August, 2009
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
S/___________________
 LAURA KRANIFIELD MAVRETIC COMMISSIONER
S/___________________
 BERNADINE S. BALANCE COMMISSIONER