The undersigned have reviewed the Opinion and Order of Deputy Commissioner Dollar and the parties briefs to the Full Commission. As the appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives, the Full Commission modifies the Opinion and Order of the Deputy Commissioner by adding Conclusion of Law Number 3, and otherwise adopts the Opinion and Order as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement, which was filed on 20 April 1998, and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The decedents death occurred by accident on 2 July 1997.
2. The decedent is survived by his wife Gerri James, and two minor children, Casey James who was born on 31 August 1991, and Dalton James who was born on 2 March 1995.
3. The following exhibits were stipulated into evidence:
a. Medical Records of Lexington Memorial Hospital, twelve pages,
b. Records of the Medical Examiner, fifteen pages;
c. Contract of Alltel-CSI, forty-four pages;
d. Plaintiffs Answers to Interrogatories, nine pages;
e. Decedents 1992-96 tax returns, seventy-nine pages;
f. Decedents Pay Records for 1995 and 1996, two pages;
g. Decedents W-2 and 1099 Forms, five pages;
 ***********
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. From 27 January 1994 through 9 May 1995, the decedent was employed by defendant as a helper, plowman, and an operator laying telephone line. During his employment, defendant provided the decedent with a company truck, equipment to perform the job, a pager, and health insurance benefits.
2. On 9 May 1995, the decedent voluntarily terminated his employment with defendant. On 10 May 1995, the decedent purchased a truck, a tractor and trailer, a trencher, and other equipment, in order to begin his own business. He purchased insurance for his business, and elected not to cover himself under the workers compensation policy with North Carolina Farm Bureau Mutual Insurance Company. He also purchased a pager and cellular telephone service for his business and opened a business bank account.
3. The decedent, then doing business as James Trenching, began working as an independent contractor for defendant, as he was interested in earning more money than that he made while previously employed by defendant. Thereafter, the decedent and defendant specifically and intentionally entered into a relationship in which the decedent was an independent contractor. The decedent also advertised services of water lines, electric lines, trenching, plowing and road boring.
4. Alltel contracted with defendant for the installation of underground telephone cable. Pursuant to the terms of the contract, Alltel specified the cable location and depth for the work. In addition, linemen were required to wear shirts with collars which were either plain or bore the Alltel or CSI logo. Hats were to either be plain or bear the Alltel or CSI logo. Linemen also were to wear long pants for safety reasons. In addition, Alltel wanted the vehicles in the neighborhoods to be marked and linemen were to place a magnetic CSI sign on their trucks.
5. As an independent contractor, the decedent was to lay temporary lines. He would go to defendants office for work orders.
6. The decedent, doing business as James Trenching, dug residential water lines for Scott Atwell who was his insurance agent. He also performed other trenching and line work.
7. The decedent filed his income taxes as self-employed from 10 May 1995, taking depreciation and other business expenses as deductions, consistent with his choice to be self-employed.
8. Although the Alltel contract specified certain elements of placing the cable, the decedent performed each job at a fixed price based on quantity ($.25 per foot of cable), and by unit, used his own skill and training to lay the cable, decide the route from box to house, was not subject to discharge because he adopted one method of doing the work rather than another, was free to use such assistants as he wished, had full control over assistants, and reviewed jobs to determine the best manner, method and order in which to perform tasks. The decedent was free to set his own work hours, take breaks, run errands, or go home as he pleased.
9. Defendant received the decedents workers compensation policy information when he began working as an independent contractor.
10. On occasions, defendant loaned equipment to the decedent, including a locator.
11. Alltel provided the cable and boxes to be placed.
12. The decedent would tell Dean Lentz, defendants employee, when he was taking vacation, although he was not required to do so as an employee would. Mr. Lentz would get someone to fill in when the decedent did not work.
13. The decedent did not renew his workers compensation coverage after 11 May 1996.
14. The decedent sustained fatal injuries when he was electrocuted on 2 July 1997 while laying temporary telephone line in Davidson county. At the time of his death, the decedent was an independent contractor.
 ***********
Based on the stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 2 July 1997, the decedent was not an employee of defendant, but rather was an independent contractor. N.C. Gen. Stat. 97-2(2). Defendants and decedents intent is a factor in determining the existence of an employee-employer relationship. State ex rel. Employment Security Commnv. Paris, 101 N.C. App. 469, 400 S.E.2d 76, affm p.c., 330 N.C. 114,408 S.E.2d 852 (1991).
2. As the employment relationship did not exist between the parties on 2 July 1997, the Industrial Commission lacks the jurisdiction to hear this claim. Askew v. Leonard Tire Co., 264 N.C. 168, 141 S.E.2d 280
(1965).
3. Because the parties are not subject to the Act due to the fact that the Commission is without jurisdiction over the parties, we do not reach the issue of whether defendant complied with the requirements of the Act, specifically those contained in N.C. Gen. Stat. 97-18(c).
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs claim is DISMISSED for lack of subject matter jurisdiction.
2. Each side shall pay its own costs.
This the 20th day of May, 1999.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER