MRS. MABEL MUNFORD, WIFE OF LYMAN MUNFORD, DECEASED, v. WEST
CONSTRUCTION COMPANY, EMPLOYER, AND U. S. FIDELITY AND
GUARANTY COMPANY, CARRIER.

(Filed 5 October, 1932.)

1. **Master and Servant F h—In computing average weekly wage ques-
tions of length of employment and fairness of method used are for
Commission.**

Where an injured employee had been employed for less than fifty-two
weeks the Workmen's Compensation Act provides that his average weekly
wage shall be computed by finding the average weekly wage during the
term of employment provided the result would be fair and just to both
parties, or in case such method is impractical because of the shortness of
the term of employment or its casual nature that the average weekly
wage shall be computed with regard to the average weekly wage of a
person of the same grade and character employed in the same class of
employment in the same locality, and the entire subsection should be con-
strued as a whole, and where the Industrial Commission has awarded
compensation in accordance with the latter method the award will be
upheld, the shortness of the term and the casual nature of the employ-
ment and the finding that fair results could not be obtained by computing
the average weekly wage of the employee, being questions of fact for the
Commission.

2. **Master and Servant F i—Findings of fact of Commission in respect to
average weekly wage are conclusive when supported by evidence.**

Where the Industrial Commission computes the average weekly wage
of an injured employee in accordance with the average weekly wage of a
person of the same grade and character employed in the same class of
employment in the same locality, upon findings of the shortness of the
term of employment, and that fair and just results would be thereby ob-
tained, such findings based upon the evidence are conclusive and binding
upon the courts upon appeal. N. C. Workmen's Compensation Act, sec. 60.

APPEAL by defendants from *Sinclair, J.,* at February Term, 1932, of
LENOIR. Affirmed.

Agreed statement of facts:

This was a claim under the Workmen's Compensation Act of North
Carolina, in which the claimant sought to recover compensation for the
death of her husband, which resulted from injury sustained by him while
in the course of his regular employment. The defendants in this case
do not deny liability, but the parties disagree as to the average weekly
wage to be used as a basis for the award. The claimant was in the
employ of the West Construction Company of Kinston. He had been in
the employ of the West Construction Company for a period of three
months prior to his injury, which resulted in his death. His average
weekly wages during this period of three months, computed by dividing

the total of amount earned, or his earnings during that period, by the number of weeks during which the employee earned wages, was $13.37 per week. Defendants, therefore, contend that the rate of compensation should be $8.02 per week.

The case was first heard before Commissioner Dorsett at Kinston on 2 October, 1931, and on 9 October, 1931, award was issued by the said Commissioner Dorsett, directing the payment of compensation at the rate of $10.80 per week figured on the basis of an average weekly wage of $18.00 per week, instead of $13.37 per week.

The full Commission upon appeal affirmed the award of Commissioner Dorsett. Thereupon the defendant appealed to the Superior Court of Lenoir County, and his Honor, N. A. Sinclair, affirmed and approved the award of the full Commission. Thereupon the defendant excepted, assigned error and appealed to the Supreme Court.

*Sutton & Greene for plaintiffs.*
*Thomas A. Banks for defendants.*

CLARKSON, J. The defendants contend: (1) That the court below erred in sustaining the findings and conclusions of the North Carolina Industrial Commission to the effect that the deceased's average weekly wage was $18.00, instead of $13.37; and in affirming and approving the award of the North Carolina Industrial Commission, to the effect that the defendants pay to the plaintiff compensation at the rate of $10.80 per week for a period of 350 weeks, instead of $8.02 per week for a period of 350 weeks. (2) That the court below erred in affirming the conclusions of law of the North Carolina Industrial Commission and in affirming and signing the judgment herein rendered in this cause. We cannot sustain the contentions of defendants.

The North Carolina Workmen's Compensation Act, chap. 120, Public Laws 1929, sec. 2(e), is as follows: (1) " 'Average weekly wages' shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two; but if the injured employee lost more than seven consecutive calendar days at one or more times during such period, although not in the same week, then the earnings for the remainder of such fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. (2) Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be fol-

lowed; *provided, results fair and just to both parties will be thereby obtained.* (Italics ours.) (3) Where, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community. (4) But where for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average·weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury." (Numbering ours.)

In the opinion of the full Commission, we find, in part: "It is evident that Commissioner Dorsett found that results fair and just could not be obtained in the instant case by dividing the earnings during the period of employment by the number of weeks and parts thereof and that he applied the rule of awarding to the claimant the average weekly amount which was being earned by a person of the same grade and character employed in the same class of employment."

In construing the matter in controversy, we must consider the entire subsection (e), *supra.* The intent seems to be that *results fair and just to both parties will be thereby obtained.* We think this idea of giving a liberal construction applicable to the third method, *supra,* taking also into consideration the language of ·the third method. In the present cause, the evidence indicated both shortness of time and casual nature of the employment—then regard shall be had to the average wages earned by others, etc. These are questions of fact for the Commission to pass on.

Section 60 of the above act, in part, is as follows: "The award of the Commission, as provided in section fifty-eight, if not reviewed in due time, or an award of the Commission upon such review, as provided in section fifty-nine, shall be conclusive and binding *as to all questions of fact,"* etc. (Italics ours.) Then the procedure on appeal is set forth and the Superior Court on appeal shall hear same "for errors of law, under the same terms and conditions as govern appeals in ordinary civil actions."

In *Aycock v. Cooper,* 202 N. ·C., at p. 505, speaking to the subject: "The law is well settled that where the North Carolina Industrial Commission has jurisdiction of a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act, its findings of fact with respect to whether or not an injured employee is

entitled to compensation, and, if so, in what amount, are conclusive and binding not only on the parties to the proceeding, but also where either party has appealed from the award of the Commission to the Superior Court, on said Court. Where, however, the jurisdiction of the Commission is challenged by the employer on the ground that he is not bound by the provisions of the North Carolina Workmen's Compensation Act, the findings of fact made by the Commission on which its jurisdiction is dependent, are not conclusive on the Superior Court." *Greer v. Laundry Co.*, 202 N. C., 729; *Kenan v. Motor Co., ante.*, 108.

The defendants, in their able brief, make out a strong case, but we cannot hold as a matter of law that there was no sufficient competent evidence on which the Industrial Commission based its findings of fact. The findings of fact are binding on us "although this Court may disagree with such findings." *Kenan case, supra.* For the reasons given, the judgment of the court below is

Affirmed.