SHAWN RAMEY, EMPLOYEE-PLAINTIFF v. SHERWIN-WILLIAMS COMPANY, EMPLOYER, AND CIGNA INSURANCE COMPANY, CARRIER; DEFENDANTS

No. 8810IC326

(Filed 20 December 1988)

**Master and Servant § 50.1— workers' compensation—carpet installer—independent contractor**

Plaintiff was an independent contractor rather than an employee of defendant at the time of an accident and thus was not entitled to workers' compensation where plaintiff installed carpet for defendant at construction sites at

which defendant furnished the carpet; plaintiff was basically free to set his own hours and to determine which days of the week he worked; plaintiff was paid a set price per yard; plaintiff's occupation required special skill and training; plaintiff chose the materials to attach the carpet to the floor and furnished his own tools; and plaintiff had some discretion in how the carpet was to be laid as long as he met basic industry standards.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and Award filed 25 November 1987. Heard in the Court of Appeals 31 October 1988.

*Mills & Rives, by Hugh C. Mills, for plaintiff-appellant.*

*Tate, Young, Morphis, Bach & Farthing, by Edwin G. Farthing, for defendant-appellee.*

JOHNSON, Judge.

On 25 November 1985, plaintiff Shawn Ramey had finished work for the day as a carpet installer for defendant Sherwin-Williams Co. (hereinafter Sherwin-Williams) at a construction site at which defendant furnished the carpet and vinyl. As he drove home in his 1977 Chevrolet Blazer he experienced mechanical difficulty and pulled off the road. He then crawled under the vehicle to work on the universal joint. As plaintiff hammered the metal parts, a piece of metal flew into his right eye causing an injury which required immediate medical treatment and hospitalization.

Following his injury, plaintiff filed a claim for Workers' Compensation with the Industrial Commission on 27 December 1985. The matter was heard in Dobson, North Carolina before a Deputy Commissioner of the Industrial Commission. At the parties' request the Deputy Commissioner ruled only on the issues of jurisdiction, liability, and plaintiff's average weekly wage.

On 27 March 1987 the Deputy Commissioner filed the opinion and award dismissing plaintiff's claim for lack of jurisdiction. In his opinion, the Deputy made findings of fact and concluded as a matter of law, that at the time of plaintiff's accident he was not an employee of defendant Sherwin-Williams, and that therefore the Industrial Commission was without jurisdiction in the matter. Plaintiff appealed to the Full Commission. On 25 November 1987, the Full Commission affirmed in all respects the result reached by the Deputy Commissioner and adopted his opinion as its own. From dismissal by the Full Commission, plaintiff appeals.

Plaintiff's first Assignment of Error and the dispositive question raised by this appeal is whether the Industrial Commission erred in finding that, at the time of plaintiff's accident, he was an independent contractor and not an employee of defendant Sherwin-Williams.

It is well established that in order for a claimant to recover under the Workers' Compensation Act, the employer-employee relationship must exist at the time of the claimant's injury. *Askew v. Tire Co.*, 264 N.C. 168, 141 S.E. 2d 280 (1965). The Industrial Commission's determination that this relationship did not exist in the instant case is a jurisdictional fact and is therefore not conclusive on appeal. *Lucas v. Li'l General Stores*, 289 N.C. 212, 221 S.E. 2d 257 (1976). This Court has the duty to examine the entire record and make independent findings concerning the existence of the employer-employee relationship. *Id.* The burden of proof on this issue falls on the claimant. *Id.*

G.S. sec. 97-2(2) defines an "employee" as "every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, . . . but excluding persons whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer. . . ."

This statutory definition does not add to the common law understanding of the term "employee," and therefore we look to common law tests to determine whether the claimant was an employee of defendant. *Carter v. Frank Shelton, Inc.*, 62 N.C. App. 378, 303 S.E. 2d 184 (1983).

The distinction between an employee and an independent contractor for purposes of the Workers' Compensation Act must turn on the particular facts of the case. Our Supreme Court has stated that the "vital test" to be answered in distinguishing between the two is whether "the employer has or has not retained the right of control or superintendence over the contractor or employee as to details." *Hayes v. Elon College*, 224 N.C. 11, 15, 29 S.E. 2d 137, 140 (1944). As a guide to determining what degree of independence a worker has retained, the Court in *Hayes* outlined a number of factors which, if found, point towards a worker's being considered to be an independent contractor:

The person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time. (Citations omitted.)

The presence of no particular one of these *indicia* is controlling. Nor is the presence of all required.

*Id.* at 16, 29 S.E. 2d at 140.

After carefully reviewing the record of this case in light of the factors stated in *Hayes*, we conclude that plaintiff was an independent contractor rather than an employee at the time of his injury and therefore may not avail himself of the Workers' Compensation Act.

We find the following circumstances to be controlling in this case. First, plaintiff was basically free to set his own hours and to determine which days of the week he worked, although his work schedule was occasionally influenced by the need to accommodate defendant's customers.

Second, plaintiff was paid on a per yard basis. Each Friday plaintiff would submit a bill showing the amount of carpet or vinyl he had laid. He, like all the other carpet installers, was paid a set price per yard.

In plaintiff's particular situation he was paid by a check made out to his father, Gerald Ramey, who also installed carpet for Sherwin-Williams. Some of the checks would include a notation stating that certain amounts were paid for plaintiff's work. This arrangement was merely an accommodation to plaintiff who had not acquired liability insurance, and therefore under defendant's company policy could not sign a subcontractor's contract and be paid directly by Sherwin-Williams. This method of payment does not affect the substance of plaintiff's relationship with the defendant.

We are aware that an employer's assumption that a claimant is self-employed and his failure to withhold taxes from the claimant's pay may not be determinative of the claimant's employment status. *Durham v. McLamb*, 59 N.C. App. 165, 296 S.E. 2d 3 (1982). However, we note that plaintiff was not paid out of the regular payroll account used to pay defendant's regular employees, but rather through a check voucher system which defendant used to pay independent contractors and bills of local vendors. No taxes or other deductions were taken from the voucher checks, and plaintiff filed self-employment tax with his 1985 income tax return.

Third, plaintiff's occupation as a carpet and vinyl installer required special skill and training, and plaintiff had considerable leeway in the manner in which he did his job. He chose the materials to attach the carpet to the floor, and selected and purchased his own tools. Plaintiff also had some discretion in how the carpet was to be laid as long as he met basic industry standards, such as matching carpet so as to avoid shade variations and using carpet economically. He was visited at the jobsite about once a week by an employee of defendant to make sure there were no problems.

Plaintiff was required to follow a blueprint and obviously could not decide for himself which carpet should go into particular rooms. However, the fact that a worker is supervised to the extent of seeing that his work conforms to plans and specifications does not change his status from independent contractor to employee. *Pumps, Inc. v. Woolworth Co.*, 220 N.C. 499, 17 S.E. 2d 639 (1941).

Overall, plaintiff's control over the many details of his job and his hours, plus the quantitative method by which he was paid, lead us to conclude that plaintiff was indeed an independent contractor at the time of his injury.

Plaintiff's Assignments of Error two through five all concern the issue of his employment status. Because we have determined that plaintiff was an independent contractor, we need not address them.

By his sixth Assignment of Error, plaintiff argues that the Industrial Commission erred by not giving equitable consideration

Stallings v. N.C. Dept. of Transportation

to G.S. sec. 97-19 as amended in 1987. The Full Commission was correct in stating that the question of jurisdiction would have been decided in favor of plaintiff if his injury had occurred after the effective date of the 1987 amendment. However, this is not the case. Plaintiff's injury occurred on 25 November 1985. The amended version of G.S. sec. 97-19 became effective upon ratification on 5 August 1987. Therefore, the amendment is not controlling in the instant case.

For all the foregoing reasons, we agree with the findings of the Industrial Commission. Therefore, its decision is

Affirmed.

Chief Judge HEDRICK and Judge PARKER concur.