ZOLLIE SPENCER, ALLEGED EMPLOYEE, PLAINTIFF v. JOHNSON & JOHNSON
SEAFOOD, INC., EMPLOYER, DEFENDANT

No. 8910IC1112

(Filed 17 July 1990)

**Master and Servant § 50 (NCI3d) — workers' compensation — scallop shucker as independent contractor — no coverage under Act**

Plaintiff was an independent contractor and not an employee and therefore could not recover under the Workers' Compensation Act for injuries sustained while she was working for defendant as a scallop shucker where plaintiff went to defendant only when she heard work was available; she was free to work for any other fish houses depending on availability of work; plaintiff received no training from defendant nor was she instructed on how to shuck scallops; she used her own equipment; plaintiff did piece work; plaintiff testified that no one was hired for the job, but people instead wrote their names and social security numbers on a piece of paper and began work; the only supervision plaintiff and other workers

had was when weighing scallops; and plaintiff set her own work hours and was free to work whenever she pleased.

**Am Jur 2d, Workmen's Compensation §§ 167-170, 173.**

Judge WELLS dissenting.

APPEAL by defendant from opinion and award entered 27 April 1989 by Chairman William H. Stephenson before the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 11 April 1990.

This is an action for workers' compensation benefits. At a hearing Deputy Commissioner John Charles Rush found the following facts: At the time of the hearing plaintiff was a thirty year old female who was employed as a cook at Harris Steak House and also worked a second job as a scallop shucker for defendant beginning about May 1987 through 3 August 1987. Defendant is a corporation engaged in the preparation of seafood such as scallops, crabs and fish and the sale of the prepared seafood to wholesalers. Alvin K. Johnson solely operated the business and Evin Johnson owned the business. The scallop season lasts from about May to September and defendant is engaged in the crab and fish business for the rest of the year.

The hearing commissioner also found that Sandra Hayes, who was the daughter of Alvin Johnson, worked for defendant in the office for at least three to four days a week during the scallop season and about one day a week during the rest of the year. She received hourly wages and social security and income taxes were withheld from her wages. Terry Riggins also worked for defendant throughout the calendar year. His job usually included weighing the scallops after they were shucked by workers and working as supervisor when Alvin Johnson was not present. Riggins received a salary and social security and income taxes were withheld from his pay. The hearing commissioner further found that from about September to about May defendant employed three or four additional people to pack crabs and fish. These people were paid by the hour and social security and income taxes were withheld from their payroll checks. They were hired by both Alvin Johnson and Terry Riggins. Defendant also hired several men to work during scallop season. Their duties included unloading scallops from the boats, putting scallops on tables, removing shells and

cleaning the fish house. These men were paid by the hour and social security and income taxes were withheld from their pay.

The hearing commissioner found that during the scallop season defendant also employed an average of thirty-five women to work as scallop shuckers. Upon finding out that work was available, these women would go to defendant's office, place their name and social security number on a sheet of paper and then begin work in the fish house. These women usually provided their own equipment; however, defendant provided knives, gloves and aprons for any of the workers who needed them and buckets for the scallops. The women did not work set hours and were free to come and go as they pleased. The women were also free to work for other fish houses. The scallop shuckers were paid based on their production $.40 for every pound of scallops they shucked. No monies were withheld from their weekly pay. Notation on the face of their checks stated that the work was "contract labor" and at the end of the year the women received 1099 Forms, which were "non-employee compensation" report forms for income tax purposes. The hearing commissioner found that the women were not instructed on how to perform their work. Riggins merely told the women not to pile the scallops in order to comply with health regulations. Riggins also weighed the scallops and kept a record of each pound shucked for each individual worker.

On 3 August 1987, a tote of scallops from a stack of approximately seven totes fell on plaintiff's neck and back while she was shucking scallops. Each tote is approximately 14 inches by 36 inches by 18 inches wide. Plaintiff reported her accident to Alvin K. Johnson and went home. Plaintiff was treated for her injuries by several physicians and was hospitalized for her injuries. Plaintiff discontinued employment with defendant as of 3 August 1987. Plaintiff did not work at Harris Steak House from 2 August 1987 until 7 September 1987.

As a result of his findings the hearing commissioner made the following conclusions of law:

1. Prior to and on August 3, 1987, the defendant employer regularly employed four or more employees in the same business or establishment. GS 97-2(1).

2. Prior to and on August 3, 1987, the employer-employee relationship existed between the plaintiff and the defendant employer. GS 97-2 (1) (2) (3).

SPENCER v. JOHNSON & JOHNSON SEAFOOD

[99 N.C. App. 510 (1990)]

3. Prior to and on August 3, 1987, the plaintiff and the defendant employer were subject to and bound by the provisions of the Workers' Compensation Act. GS 97-2 (1) (2) (3), GS 97-5.

4. The plaintiff's average weekly wage was $105.95. G.S. 97-2(5).

5. The plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant employer on August 3, 1987. G.S. 97-2(6).

6. As a result of the injury by accident giving rise hereto the plaintiff was out of work and temporarily totally disabled for August 3, 1987 to September 7, 1987. She is entitled to compensation at the rate of $70.64 per week for said period of time. G.S. 97-29.

Plaintiff was then awarded compensation at a rate of $70.64 per week from 3 August 1987 to 7 September 1987 and defendant was also ordered to pay medical and hospital expenses and costs incurred as a result of the accident.

Defendant gave notice of appeal to the Full Commission on the grounds that no employer-employee relationship existed between defendant and plaintiff and as a result the Commission had no jurisdiction to hear the matter or make an award under the North Carolina Workers' Compensation Act. After carefully considering the record the Full Commission determined that plaintiff worked for defendant on a quantitative basis and that defendant had the right to control the manner and method of doing the work and that the fact that plaintiff was paid by piece work as opposed to by the hour was insignificant. The Full Commission further determined that "the work of the employer was contingent on completion of the services rendered by the employee and those in a similar capacity. They were not engaged in an independent business or occupation but were an integral part of the employer's operation." The Full Commission then adopted as its own the opinion and award of the hearing commissioner. Defendant appeals.

*Zollie Spencer appearing pro se.*

*Geo. Thomas Davis, Jr. for defendant appellant.*

EAGLES, Judge.

Defendant assigns as error the Commission's findings that an employer-employee relationship existed between plaintiff and de-

fendant. "Defendant contends that the Plaintiff has failed to show that an employer-employee relationship existed between the parties and that the Industrial Commission had no jurisdiction to make an award to the Plaintiff in this matter." Defendant argues that when applying the factors articulated in *Hayes v. Board of Trustees Elon College*, 224 N.C. 11, 29 S.E.2d 137 (1944), plaintiff has not carried the burden of showing that she was an employee of Johnson & Johnson Seafood, Inc. Defendant contends that the evidence is clear that plaintiff was an independent contractor and not an employee or servant. We agree.

> It is well established that in order for a claimant to recover under the Workers' Compensation Act, the employer-employee relationship must exist at the time of the claimant's injury. The Industrial Commission's determination that this relationship did not exist in the instant case is a jurisdictional fact and is therefore not conclusive on appeal. This Court has the duty to examine the entire record and make independent findings concerning the existence of the employer-employee relationship. The burden of proof on the issue falls on the claimant.

*Ramey v. Sherwin-Williams Co.*, 92 N.C. App. 341, 342, 374 S.E.2d 472, 473 (1988).

> "G.S. sec. 97-2(2) defines an 'employee' as 'every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, . . . but excluding persons whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer. . . .' " *Id.*

The distinction between employee and an independent contractor for purposes of the Workers' Compensation Act must turn on the particular facts of the case. Our Supreme Court has stated that the 'vital test' to be answered in distinguishing between the two is whether 'the employer has or has not retained the right of control or superintendence over the contractor or employee as to details.' *Hayes v. Elon College*, 224 N.C. 11, 15, 29 S.E.2d 137, 140 (1944). As a guide to determining what degree of independence a worker has retained, the Court in *Hayes* outlined a number of factors which, if found, point towards a worker's being considered to be an independent contractor:

SPENCER v. JOHNSON & JOHNSON SEAFOOD

[99 N.C. App. 510 (1990)]

The person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.

The presence of no particular one of these *indicia* is controlling. Nor is the presence of all required.

*Id.*, *quoting* 224 N.C. at 16, 29 S.E.2d at 140 (citations omitted).

After carefully reviewing the record in light of the factors articulated in *Hayes*, we conclude that plaintiff has failed to carry her burden of proof establishing the existence of an employer-employee relationship at the time of her injury by accident and may not avail herself of the Workers' Compensation Act.

We find the following facts to be controlling in this case. First, plaintiff went to defendant only when she heard work was available. She was free to work for any other fish houses depending on the availability of work. As a matter of fact, plaintiff also worked for Meekins Seafood during the same time she worked for defendant.

Second, plaintiff received no training from defendant nor was she instructed on how to shuck the scallops. Plaintiff used her own knife, gloves and apron. At the hearing, plaintiff even testified that most workers used their own equipment even though defendant did have equipment available for those who needed it.

Third, plaintiff did piece work. She was paid $.40 per pound of scallops shucked. She did not receive a salary or hourly wages. Plaintiff's pay was dependent upon the pounds of scallops shucked.

Fourth, plaintiff further testified at the hearing that defendant did not give any instructions on what to do or how to shuck the scallops. Plaintiff testified that no one was terminated because he/she did not do his/her job correctly.

Fifth, plaintiff testified that no one was hired for the job. The workers just found out usually by word of mouth about the

availability of work, put their name and social security number on a piece of paper and began work. Plaintiff testified that she received a check from defendant on Friday or Saturday of each week that she worked and neither income taxes nor social security taxes were withheld from her pay. Plaintiff further testified that the check from defendant had "contract labor" written on it. During the hearing one of plaintiff's witnesses, who was also a scallop shucker for defendant, testified that she received a 1099 Form at the end of the year for income tax purposes. Alvin Johnson also testified that the "boats paid for the shuckers" since the money paid to the shucker-workers was deducted from the money defendant paid to the boat operators for the scallops.

Sixth, plaintiff testified that the only supervision the workers had was when weighing the scallops and at that time workers were merely told not to let the scallops sit beyond a certain time period before weighing them.

Seventh, plaintiff testified that she set her own work hours and was free to work whenever she pleased.

Here the evidence conclusively indicates that plaintiff was an independent contractor and not an employee of defendant for purposes of the Workers' Compensation Act. Accordingly, the Commission was without jurisdiction to render an award under the Workers' Compensation Act.

Reversed and remanded.

Judge GREENE concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

The facts of this case reflect an informal, relaxed, casual work environment and work relationship, under which plaintiff (and other scallop shuckers) were allowed to work pretty much as they pleased, being paid according to their production. This reflects to me a friendly and convenient arrangement for both the workers and the operators of the seafood company. I cannot, however, agree that these circumstances and conditions establish that plaintiff was an independent contractor. She was hired to do piece work, not

IN RE REQUEST FOR DECLARATORY RULING BY TOTAL CARE, INC.

[99 N.C. App. 517 (1990)]

a piece of work — a vital distinction under our Workers' Compensation Act.

I would hold that the Commission correctly found and concluded that the relationship of employer-employee existed between plaintiff and defendant, and I would therefore affirm the Commission's award.