TAMMY LYNN McCOWN, Administratrix of the Estate of James Robert McCown, Deceased Employee, Plaintiff v. CURTIS HINES, Employer, Defendant, and MIKE HINES d/b/a MIKE HINES HEATING AND AIR CONDITIONING, Employer, and N.C. HOME BUILDERS SELF-INSURED FUND, INC., Defendants

No. COA99-1120

(Filed 7 November 2000)

**Workers' Compensation— employer-employee relationship— jurisdiction**

The Industrial Commission erred by concluding that plaintiff roofer was an employee rather than an independent contractor at the time of his accident and by awarding plaintiff permanent and total disability compensation under the Workers' Compensation Act, because: (1) plaintiff's occupation as a roofer required special skill and training, and plaintiff had independent use of his skill and training in the execution of his work; (2) although defendant employers required plaintiff to use mismatched shingles and instructed plaintiff as to the placement of those shingles, the fact that a worker is supervised to make sure his work conforms to plans and specifications does not change his status from independent contractor to employee; (3) supervision over plaintiff's work was minimal; (4) although defendants provided nails

McCOWN v. HINES

[140 N.C. App. 440 (2000)]

and tarpaper, plaintiff furnished his own truck, ladder, and several tools including a hammer and nail apron for the job; (5) plaintiff failed to establish he was paid on a per hour basis, and plaintiff was paid on a per square or flat fee basis as was the person who completed the roofing job after plaintiff's accident; (6) plaintiff essentially set his own hours and determined his own working schedule, and defendants set forth no requirements that plaintiff be present at certain times or on certain days; and (7) although plaintiff performed flooring and roofing work for defendants in 1995, there was no indication that defendants retained the right of control over plaintiff during the course of these projects.

Judge WALKER dissenting.

Appeal by defendants from Opinion and Award of the North Carolina Industrial Commission entered 18 May 1999. Heard in the Court of Appeals 16 August 2000.

*The Jernigan Law Firm, by Leonard T. Jernigan, Jr. and Tivey E. Clark, and Wilkins & Wellons, by Allen Wellons, for the plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Susan K. Burkhart, for the defendant-appellants.*

LEWIS, Judge.

Defendants Mike Hines d/b/a Mike Hines Heating and Air Conditioning and N.C. Home Builders Self-Insured Fund, Inc. appeal from an Opinion and Award of the North Carolina Industrial Commission granting plaintiff James Robert McCown permanent and total disability compensation. Defendants contend the Commission erred in (1) classifying plaintiff as an employee rather than an independent contractor, and (2) setting plaintiff's average weekly wage at $400. We reverse the decision of the Industrial Commission.

On 8 April 1996, plaintiff James McCown was re-roofing a rental house on Sixth Street in Smithfield, North Carolina. As he attempted to leave the roof by a ladder leaning against the house, he fell, suffering a spinal cord injury which paralyzed him from the waist down. Although Mike Hines owned the rental house on Sixth Street, plaintiff had been contacted by defendant Curtis Hines, Mike Hines' father, to do the roofing work. Plaintiff had installed several roofs for Curtis

Hines in 1995, and in 1995 and 1996, did roofing work for numerous persons in the Smithfield area. At the time of the accident, plaintiff had been in the construction business for twenty years, and roofing work for ten.

Following his injury, plaintiff filed a Workers' Compensation claim with the Industrial Commission in March 1997, ultimately seeking coverage from the defendants. On 5 March 1998, a compensation hearing was held before Deputy Commissioner Edward Garner, Jr. At the parties' request, the Deputy Commissioner ruled only on the issue of compensability and not on the issue of plaintiff's medical condition. On 19 June 1998, the Deputy Commissioner filed an Opinion and Award dismissing plaintiff's claim for lack of jurisdiction. In his opinion, the Deputy made findings of fact and concluded as a matter of law, that plaintiff was not an employee of Curtis Hines, Mike Hines or Mike Hines Heating and Air Conditioning at the time of the accident. Plaintiff appealed to the Full Commission. On 18 May 1999, the Full Commission reversed this determination, finding that Mike Hines' heating and air conditioning business and his rental properties were one company, that Curtis Hines was an agent of Mike Hines, that defendants retained the right to control the details of plaintiff's work, and concluding plaintiff was an employee of Mike Hines d/b/a Mike Hines Heating and Air Conditioning.

Defendants first contend the Commission erred in concluding that, at the time of the accident, plaintiff was an employee rather than an independent contractor. It is well established that in order for a claimant to recover under the Workers' Compensation Act, an employer-employee relationship must exist at the time of the claimant's injury. *Askew v. Tire Co.*, 264 N.C. 168, 170, 141 S.E.2d 280, 282 (1965).

> Whether an employer-employee relationship exists is a jurisdictional issue and unlike most findings by the Commission, "findings of jurisdictional fact . . . are not conclusive, even when supported by competent evidence." This Court thus must "review the evidence of record" and make an independent determination of plaintiff's employment status, guided "by the application of ordinary common law tests."

*Barber v. Going West Transp., Inc.*, 134 N.C. App. 428, 430, 517 S.E.2d 914, 917 (1999) (citations omitted). Thus, this Court "has the right, and the duty, to make its own independent findings of such jurisdictional facts from its consideration of all the evidence in the

record." *Lucas v. Stores*, 289 N.C. 212, 218, 221 S.E.2d 257, 261 (1976). The burden of proof on this issue falls on the claimant. *Id.*

Our courts have defined an independent contractor as "one who exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work." *Youngblood v. North State Ford Truck Sales*, 321 N.C. 380, 384, 364 S.E.2d 433, 437 (1988). Where the party for whom the work is being done retains the right to control and direct the manner in which the details of the work are to be performed, the relationship is one of employer and employee. *Id.* There are generally eight factors which indicate classification as an independent contractor:

> The person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.

*Hayes v. Elon College*, 224 N.C. 11, 16, 29 S.E.2d 137, 140 (1944). No one factor is determinative. *Id.* Considering several of the foregoing factors in light of this case, we conclude plaintiff was an independent contractor at the time of the accident.

Most notably, plaintiff's occupation as a roofer required special skill and training, and plaintiff had independent use of his skill and training in the execution of his work. Neither Curtis nor Mike Hines had any personal experience in the installation of roofs, and plaintiff was given almost no instruction to that effect. Although Curtis Hines required plaintiff to use mismatched shingles and instructed him as to the placement of these shingles, "the fact that a worker is supervised to the extent of seeing that his work conforms to plans and specifications does not change his status from independent contractor to employee." *Ramey v. Sherwin-Williams Co.*, 92 N.C. App. 341, 345, 374 S.E.2d 472, 474 (1988). In all, supervision over the plaintiff's work was minimal. Plaintiff had "very little" conversation with Mike Hines before and during the roofing project. He was allowed full discretion as to placement of tow boards, the correct number and positioning of

the nails into the shingles and the proper overlapping of the shingles. While Curtis Hines viewed plaintiff's work from the ground, neither Curtis nor Mike ever got on the roof to inspect plaintiff's work.

Additionally, although Curtis Hines provided nails and tarpaper, plaintiff furnished his own truck, ladder, and several tools, including a hammer and nail apron, for the job. *See, e.g., Barber,* 134 N.C. App. at 432, 517 S.E.2d at 918 ("When valuable equipment is furnished for use of a worker, an employee relationship almost 'invariably' is established.") (citation omitted).

As to payment for the roofing job, plaintiff failed to establish he was paid on a per hour basis. *See, e.g., Youngblood,* 321 N.C. at 384, 364 S.E.2d at 437 ("[P]ayment by a unit of time . . . is strong evidence that [plaintiff] is an employee."). Plaintiff testified he "would assume that [he and Curtis Hines] probably did not" discuss payment. (Tr. at 39.) Mike Hines also maintained there was no discussion as to payment. Mike Hines ultimately compensated plaintiff in the amount of $170 for 17 hours of work; however, there was never any discussion as to the derivation of this amount. Significantly, in the past, plaintiff had been consistently compensated on a per square or flat fee basis in performing roofing work for Curtis Hines and others in the community. Gary Beasley, who completed the roofing job after plaintiff's accident, was paid on a per square basis.

Additionally, plaintiff essentially set his own hours and determined his own working schedule. Defendants set forth no requirements that plaintiff be present at certain times or on certain days. Neither has plaintiff made any showing that he was in the regular employment of either Mike or Curtis Hines. Although plaintiff performed flooring and roofing work for Curtis Hines in 1995, Curtis Hines paid plaintiff on a per square basis and there was no indication that Curtis Hines retained the right of control over plaintiff during the course of these projects.

Absent any other direct evidence of control over plaintiff, we conclude plaintiff has failed to meet his burden of establishing that an employer-employee relationship existed at the time of the accident. Accordingly, the Opinion and Award of the Industrial Commission is reversed. We need not address defendant's remaining arguments.

Reversed.

Judge HUNTER concurs.

Judge WALKER dissents.

Judge WALKER dissenting.

I respectfully dissent from the majority opinion concluding that plaintiff was an independent contractor at the time of the accident. While there are some factors under *Hayes v. Board of Trustees*, 224 N.C. 11, 29 S.E.2d 137 (1944) which would establish that plaintiff was an independent contractor, I believe the greater weight of the evidence supports an employer and employee relationship.

The majority correctly states that whether a worker is an independent contractor or employee depends on the employer's retaining "the right to control and direct the manner in which the details of the work are to be executed" and one who is accountable to his employer only for the result of his work and not his judgment or methods used. *Youngblood v. North State Ford Truck Sales*, 321 N.C. at 380, 384, 364 S.E.2d at 433, 437, *rehearing denied*, 322 N.C. 116, 367 S.E.2d 923 (1988). The test is further elaborated upon in *Cook v. Morrison*, 105 N.C. App. 509, 514, 413 S.E.2d 922, 925 (1992), in which this Court stated:

> An owner, who wants to get work done without becoming an employer, is entitled to as much control of the details of the work as is necessary to ensure that he gets the end result from the contractor that he bargained for. In other words, there may be a control of the quality or description of the work itself, *as distinguished from the control of the person doing it*, without going beyond the independent contractor relation.

*Id.*, *citing* 1C A. Larson, The Law of Workers' Compensation § 44.21 (1991) (emphasis added).

Under the second factor of the eight factor *Hayes* test, the majority first concludes that plaintiff's independent use of his "special skill and training" in roofing work, and defendants' lack of the same supports plaintiff's status as an independent contractor. *Hayes*, 224 N.C. 11, 29 S.E.2d 140. However, a different result was reached in *Youngblood*, where our Supreme Court held that employers don't lose their right to ". . . control the [worker's] conduct and to intervene" because the worker is a "specialist" and has "extensive experience." *Youngblood*, 321 N.C. at 387, 364 S.E.2d at 439. Likewise in the instant

case, plaintiff had done various jobs for twenty years, including carpentry, roofing and painting. However, being known in his community as a roofing "specialist" with "extensive experience" did not render him an independent contractor. *Id.*

Moreover, the record indicates that plaintiff's use of his independent skill, knowledge, or training was limited while roofing for defendants. First, each time shingles arrived at the work site, plaintiff was ordered by Curtis Hines to stop what he was doing and help unload the shingles from the trailer. Second, plaintiff was told that because the shingles were old and of different types and colors, he needed to help sort them out. Third, once sorted, he was told to use only certain ones, even though it would result in an unsightly, mix-matched pattern. Fourth, Curtis Hines instructed plaintiff as to where to place the shingles. Another example of the close supervision plaintiff received took place on the day of his injury: When inclement weather was approaching, Curtis Hines ordered plaintiff to rush and "get it [tar] papered before it rains on you." Defendants' control over plaintiff therefore exceeded the mere result of his work, as he was accountable to defendants for the details and method of his work. Thus, the measure of control defendants exerted over plaintiff evidenced a relationship of employer and employee. *Youngblood*, 321 N.C. at 384, 364 S.E.2d at 437.

Moreover, the majority cites *Cf. Ramey v. Sherwin-Williams Co.*, 92 N.C. App. 341, 374 S.E.2d 472 (1988) for the proposition that supervision to the extent a laborer's work conforms to plans and specifications does not indicate that the laborer is an employee. However, the defendant in *Ramey*, who was found to be an independent contractor, exercised much more freedom as to the details and method of his work than the plaintiff in this case. *Id.* For example, this Court found in *Ramey* that ". . . plaintiff's occupation as a carpet and vinyl installer required special skill and training, and plaintiff had *considerable leeway* in the manner in which he did his job. He chose the materials to attach the carpet to the floor, and selected and purchased his own tools. Plaintiff also had some discretion in how the carpet was to be laid as long as he met basic industry standards. . . ." *Ramey*, 92 N.C. App. at 345, 374 S.E.2d at 474 (emphasis added).

This case is also distinguishable from *Ramey* because the plaintiff here could not use his own best judgment when he was instructed to mix-match shingles of different types, shapes and colors. At trial,

plaintiff expressed the following reservations regarding the methods that defendants insisted on:

Q: . . . Did you have any concerns about the shingles?

A: Yeah. I didn't like putting on three different kinds. There was three. There was brown shingles and [the] black and then there was, you know, dimensional shingles, and I don't—That's something I've never done, and it kind of looks bad on my job, you know. If somebody comes by and looks at it and [says], '[w]ell, who did this house,' it [doesn't] really help you, if you know what I'm talking about.

Furthermore, the plaintiff in this case did not furnish valuable equipment to the work site as opposed to the plaintiff in *Ramey. Id.* The record indicates that plaintiff did not own a truck, but used a borrowed one. Further, the truck was not used for the roofing job other than to transport plaintiff to and from the job site. Although plaintiff brought his own hammer and nail apron to the job site, he did not purchase or bring any roofing shingles, as is the custom for independent roofing contractors. Defendants selected, purchased and delivered the shingles to the job site. Moreover, whenever plaintiff ran out of roofing materials, he would inform defendant Curtis Hines who would arrange for another delivery.

Even if the majority is correct in finding that plaintiff received "minimal" supervision from defendants, such conclusion is not fatal to plaintiff's status as an employee. Our Supreme Court in *Youngblood* stated "the fact that a claimant is skilled in his job and requires very little supervision is not in itself determinative" of whether the claimant is an employee or an independent contractor. *Youngblood,* 321 N.C. at 387, 364 S.E.2d at 439, *citing Durham v. McLamb,* 59 N.C. App. 165, 296 S.E.2d 3 (1982) (held that plaintiff carpenter was an employee despite his being highly skilled and not requiring specific instructions on how to do the job); *Lloyd v. Jenkins Context Co.,* 46 N.C. App. 817, 266 S.E.2d 35 (1980) (where plaintiff painter and carpenter was held to be an employee, even though his level of skill required very little supervision). It was further explained in *Youngblood* that "[i]f the employer has the right of control, it is immaterial whether he actually exercises it." *Id.* Moreover, "[n]onexercise [of right of control] can often be explained by the lack of occasion for supervision of the particular employee, *because of his competence or experience." Id.* (emphasis added) (citation omitted).

As to the first prong of the *Hayes* test, plaintiff did not operate an independent business notwithstanding his work of doing various jobs around the community, many of which involved the installation of roofs. *Hayes*, 224 N.C. 11, 29 S.E.2d 137. The record indicates that he had no office, no business telephone number, no employer tax identification number, no continuing business obligations, no equipment specifically for roofing, no advertising, and did not incur any significant expenses. Plaintiff's only equipment consisted of a hammer and nail apron. He had previously worked for Curtis Hines numerous times doing various jobs, such as carpentry, roofing, flooring, and ripping out windows. The fact that plaintiff did not work exclusively as a roofer and did not hold himself out as having a roofing business supports his status as an employee.

As to the third prong of the *Hayes* test, the evidence in the record contradicts the majority's conclusion that defendants never hired workers by the hour. *Hayes*, 224 N.C. 11, 29 S.E.2d 137. Notwithstanding testimony of Gary Beasley (Beasley) that he was paid on a quantitative basis per square and that roofers seldom get paid on an hourly basis, Beasley also admitted that he had worked a few hourly roofing jobs "last year." In addition, plaintiff testified that Curtis Hines had paid him $11.00 per hour in the past but that on some roofing jobs he was paid by the square. Furthermore, when Mike Hines was asked to explain at trial how he arrived at the $170.00 amount paid to plaintiff after the injury, he was unable to relate this amount to any quantitative basis, stating that he did not know the exact number of squares plaintiff had installed.

The facts in this case as applied to the sixth prong of the *Hayes* test also indicate that plaintiff was an employee. *Hayes*, 224 N.C. 11, 29 S.E.2d 137. In *Cook*, a worker who was found by this Court to be an independent contractor, testified that he normally used his own employees to assist him in his job and that he had hired several employees for the job giving rise to plaintiff's injury. *Cook*, 105 N.C. App. 509, 413 S.E.2d 922. This is in contrast to the instant case where plaintiff did not hire any workers to help in the roofing job. Further, the evidence supports the Commission's finding that: ". . . plaintiff did not have the ability to hire [workers]. . . without getting the express consent of Curtis or Mike Hines because he did not have the financial ability to pay [workers]."

As to the eighth prong of the *Hayes* test, plaintiff testified that although he was not told specific hours to follow, he did not feel that

McCOWN v. HINES

[140 N.C. App. 440 (2000)]

he had the freedom to come and go as he pleased, since he "would have been fired." *Hayes*, 224 N.C. 11, 29 S.E.2d 137.

Based on the foregoing, plaintiff sufficiently carried his burden of proof in establishing that at the time of this accident, an employer and employee relationship existed between him and defendants. *Id.*

Because of the foregoing conclusion, I next address whether the award granted plaintiff by the Full Commission (Commission) was proper. The Commission's computation of the average wage is conclusive and binding on appeal if there are any facts to support its findings. *Munford v. Constr. Co.*, 203 N.C. 247, 165 S.E. 696 (1932); *see also McAnich v. Buncombe County Schools*, 347 N.C. 126, 489 S.E.2d 378 (1997). "Appellate review of opinions and awards of the Industrial Commission is strictly limited to the discovery and correction of *legal* errors." *Godley v. County of Pitt*, 306 N.C. 357, 359-60, 293 S.E.2d 167, 169 (1982) (citations omitted); *see also* N.C. Gen. Stat. § 97-86 (1999).

In granting plaintiff's award, the Commission concluded:

8. Due to the short period of employment by the plaintiff, traditional methods of computation of the average weekly wage would be unfair to the parties; therefore, the average weekly wage is based on the testimony of Mr. Beasley, in which he stated an hourly rate of $10.00 per hour for work similar to that of the plaintiff, for an average weekly wage rate of $400.00 per week. N.C. Gen. Stat. § 97-2(5).

Thus, it appears that the Commission used the third method of computation under N.C. Gen. Stat. § 97-2(5), which provides in part:

. . . Where, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community.

N.C. Gen. Stat. § 97-2(5) (1999).

Our Supreme Court has held that "[u]ltimately, the primary intent of this statute is that results are reached which are fair and

just to both parties." *McAnich*, 347 N.C. at 130, 489 S.E.2d at 378 (1997) (citations omitted). Otherwise, the fifth method must be used, which provides:

> But where for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

*Id.*; N.C. Gen. Stat. § 97-2(5).

In the instant case, the Commission used an hourly rate of a similarly employed person. However, our Supreme Court has held that the computation of an award based upon average weekly wages is limited to only ". . . the earnings of the injured employee in the employment in which he was working at the time of the injury[,]" and thus bars the inclusion of wages or income earned in other employment or work. *McAnich*, 347 N.C. at 133, 489 S.E.2d at 379. In the instant case, it appears that the Commission's computation was not limited to the work plaintiff performed for defendants, but was also based on the average hourly wage of roofers. I would vacate the award and remand the matter for a rehearing on benefits due plaintiff. The Commission should determine the total wages plaintiff earned from defendants during the 52-week period preceding his injury, as there was evidence that he worked for defendants in 1995. The emphasis in this statute is that the award must be fair and just to both parties. *Id.* at 130, 489 S.E.2d at 378.