I respectfully dissent from the majority's opinion as I believe that the evidence establishes that plaintiff was an employee of World Custom Homes, not an independent contractor.
In determining whether a party is an employee or an independent contractor for purposes of the Workers' Compensation Act, it is well settled that there are eight factors that indicate classification as an independent contractor: the person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.McCown v. Hines, 140 N.C.App. 440, 537 S.E.2d 242 (2000), citingHayes v. Elon College, 224 N.C. 11, 16, 29 S.E.2d 137, 140 (1944). However, no one factor is determinative. Id.
Defendants contend that plaintiff was as an independent contractor and not subject to the Workers' Compensation Act because plaintiff was free to work for other companies, with his own tools and in a manner he saw fit. The record indicates that plaintiff worked nearly full time for World Custom Homes, and did not have a business as an independent contractor or work as an independent contractor with any other employer or contractor. Although plaintiff may have *Page 9 
provided some of his own minor tools, World Custom Homes provided the necessary supplies and equipment for performance of a job. Plaintiff did possess some degree of skill and expertise, having worked in construction type jobs previously; however, the record shows that plaintiff was given instruction as to how to perform his job in order to meet local codes and "make the inspector happy."
Additionally, defendants contend plaintiff could employ assistants and was paid a fixed price pursuant to a price sheet. However, the evidence suggests that plaintiff was compensated both on a fixed price basis for specified work and on an hourly basis for less clearly identified work such as clean-up work. Also, there is no evidence that plaintiff could have employed an assistant or had the means to employ an assistant.
The totality of the evidence of record supports a finding and conclusion that plaintiff was an employee of World Custom Homes on April 30, 2004 and that the Industrial Commission has jurisdiction over the parties and the subject matter of this action. Accordingly, I dissent from the majority opinion.
This the 6th day of May, 2008.
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1