I concur with the majority regarding the statute of limitations issue in this case; however, I disagree with the majority's conclusion that the deceased employee was not an employee of City Cab of Tarboro for purposes of the Workers' Compensation Act.
In determining whether a party is an employee or an independent contractor for purposes of the Act, it is well settled that there are eight factors which indicate classification as an independent contractor: the person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time. McCown v. Hines, 140 N.C.App. 440, 537 S.E.2d 242 (2000), citing Hayes v. Elon College,224 N.C. 11, 16, 29 S.E.2d 137, 140 (1944). No one factor is determinative. Id.
The fact that not one of the above factors is determinative is of important note. In the present case, the record shows that the deceased was in the regular employ of City Cab and did not work for any other cab companies. In fact, her cab was outfitted with a City Cab logo, and she was required to sign a non-compete agreement to prohibit her from working for other cab *Page 12 
companies. There is nothing in the record to show that the deceased had any special skill, knowledge or training in which to employ independently of City Cab. In fact, she had never worked as a cab driver prior to working for City Cab. Further, the deceased was not free to employ assistants in conducting her work due to an "exclusive operator" provision in her vehicle's lease agreement. The undersigned would find that these combined factors, when interpreted in light of McCown and Hayes, show that the deceased was indeed an employee of City Cab.
In the present case, the undersigned finds there to be sufficient evidence to establish that the deceased was an employee of City Cab and, thus, subject to the protection of the Workers' Compensation Act. For these reasons, I respectfully dissent.
This ___ day of April 2010.
 S/___________________
 CHRISTOPHER SCOTT
 COMMISSIONER *Page 1