**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-2322**

———————

KENNETH E. CHURCH; KEN E. CHURCH ENTERPRISES, LLC,

Plaintiffs - Appellees,

v.

HOME FASHIONS INTERNATIONAL, LLC,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. David C. Keesler, Magistrate Judge. (5:10-cv-00133-DCK)

———————

Submitted: June 27, 2013                Decided: July 8, 2013

———————

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Nicholas Stevens, STARR, GERN, DAVISON & RUBIN, P.C., Roseland, New Jersey, for Appellant. Paul E. Culpepper, YOUNG, MORPHIS, BACH & TAYLOR, L.L.P., Hickory, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Home Fashions International, LLC ("HFI"), appeals the magistrate judge's grant of partial summary judgment to Kenneth E. Church on his claim seeking unpaid wages and commissions under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.22 (2011). HFI also challenges the damages award. We affirm.

We review de novo an order granting summary judgment. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Summary judgment should be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). An otherwise properly supported motion for summary judgment will not be defeated by the existence of any factual dispute; only disputes over facts that might affect the outcome of the suit under governing law will properly preclude summary judgment. Id. at 248-49. "Conclusory or speculative

2

allegations do not suffice, nor does a mere scintilla of evidence in support of" the nonmoving party's case. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

HFI first contends that Church was not entitled to raise claims under N.C. Gen. Stat. § 95-25.22 because he was not an HFI "employee," but, instead, was hired as an independent contractor. N.C. Gen. Stat. § 95-25.2(4). In North Carolina,

> [a]n independent contractor is defined . . . as one who exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work. Where the party for whom the work is being done retains the right to control and direct the manner in which the details of the work are to be executed, however, it is universally held that the relationship of employer and employee is created.

Youngblood v. N. State Ford Truck Sales, 364 S.E.2d 433, 437 (N.C. 1988) (internal citations omitted). Circumstances suggestive of an individual's status as an independent contractor include whether

> [t]he person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.

3

McCown v. Hines, 537 S.E.2d 242, 244 (N.C. Ct. App. 2000). Although no single factor is controlling, nor must all factors be present or in agreement, there are "four principal factors generally recognized as demonstrating the right to control details of the work: (1) method of payment; (2) the furnishing of equipment; (3) direct evidence of exercise of control; and (4) the right to fire." Youngblood, 364 S.E.2d at 439.

After a careful review of the record, we conclude that the magistrate judge accurately determined that Church was HFI's employee during the period in question. First, HFI has not produced any authority to support its contention that Church's act of assigning his right to payment under his employment agreement with HFI categorically precludes Church's recovery under the NCWHA. Further, consideration of the factors outlined in McCown clearly indicates that Church was HFI's employee. Church worked exclusively for HFI on a regular basis for eighteen months and did not hold himself out as a contractor or independent businessman. See Youngblood, 364 S.E.2d at 439 (fact that plaintiff did not hold himself out as contractor or engage in other contract work indicated that he was an employee). During that time, HFI paid Church a guaranteed $11,000 per month, regardless of the work he completed, plus commission on his sales, thus also suggesting his employee status. See Capps v. Se. Cable, 715 S.E.2d 227, 234 (N.C. Ct.

4

App. 2011) (payment based on time is a strong indication of employee status while payment based on completed projects indicates independent contractor status; payment on a piece-work or commission basis is consistent with either).

Moreover, HFI provided Church with an office and reimbursed his various business-related expenses, some of which had to be pre-approved by HFI. See Youngblood, 364 S.E.2d at 438 ("[W]hen valuable equipment is furnished to the worker, the relationship is almost invariably that of employer and employee."). Similarly, Church was not entitled to hire assistants without the consent of HFI, and Church never became responsible for compensating the sales representatives he hired. See Lloyd v. Jenkins Context Co., 266 S.E.2d 35, 37 (N.C. Ct. App. 1980) (individual's ability to hire assistants only upon approval of employer indicates employer-employee relationship).

Most importantly, however, is the fact that HFI assigned Church an ever-evolving and diverse range of responsibilities during his first eighteen months with the company. Consistent with the broad terms of his employment agreement, Church, at the direction of and in collaboration with HFI executives, assisted in almost every aspect of HFI's attempt to expand into furniture manufacturing. See Johnson v. News & Observer Publ'g Co., 604 S.E.2d 344, 347 (N.C. Ct. App. 2004) (finding that plaintiff was not engaged in "independent

5

business, calling, or occupation" where he performed function that was integral to the primary objective of employer's business).  Consequently, Church was clearly subject to HFI's control and was not entitled to independently employ his own judgment regarding how best to achieve HFI's goals.  Cf. McCown, 537 S.E.2d at 244 (individual was independent contractor where he rarely consulted with employer on how job was to be accomplished and chose the manner and means of performing his tasks, subject only to the specifications of his employer).

Under such circumstances, the labels the parties used in Church's employment agreement and the manner in which HFI regarded Church for tax purposes are of little consequence.  See Capps, 715 S.E.2d at 231 (facts that individual was treated as independent contractor for tax purposes, was told he was a subcontractor, and had to carry his own workers compensation insurance did not control his employment status because they simply indicated employer's preference regarding the characterization of the relationship); Lloyd, 266 S.E.2d at 37 (evidence regarding the employment relationship that in fact existed controls, not the parties' intentions or the labels they ascribe to themselves).  Accordingly, we conclude that Church was correctly regarded as an "employee" under N.C. Gen. Stat. § 95-25.22.

We also find no merit in HFI's contention that its obligations to Church under the terms of his employment agreement were settled by accord and satisfaction. Although HFI did not raise this specific issue below, the magistrate judge properly found that there is no evidence that the parties reached an arrangement regarding Church's compensation that may have satisfied or supplanted their original agreement. See Moore v. Frazier, 305 S.E.2d 562, 564 (N.C. Ct. App. 1983) ("Establishing an accord and satisfaction defense . . . requires evidence . . . that shows the unequivocal intent of one party to make and the other party to accept a lesser payment in satisfaction . . . of a larger claim." (internal quotation marks omitted)).

Last, HFI alleges several errors in the magistrate judge's calculation of Church's damages. Although HFI did not specifically assert its arguments below, we find no error. Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc., 618 F.3d 417, 427 (4th Cir. 2010) ("A court's calculation of damages is a finding of fact and therefore is reviewable only for clear error, but to the extent those calculations were influenced by legal error, review is de novo." (internal quotation marks omitted)). The magistrate judge properly awarded Church the six months of unpaid wages he was due under the terms of his employment agreement with HFI and there is no

7

indication that the award of liquidated damages, under N.C. Gen Stat. § 95-25.22(a1), constituted an abuse of discretion. See Kornegay v. Aspen Asset Grp., LLC, 693 S.E.2d 723, 742 (N.C. Ct. App. 2010) (trial court has discretion to award liquidated damages even where evidence suggests employer's good faith violation of NCWHA).

Accordingly, we affirm the grant of summary judgment to Church and the denial of HFI's motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

8